**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
Fred B. Ringel, Esq.
William A. Rome, Esq.
Steven B. Eichel, Esq.
*Attorneys for Defendants Listed in Footnote 1*

<u>Hearing Date and Time:</u>
**February 6, 2023 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In Re:

**WB BRIDGE HOTEL LLC AND
159 BROADWAY MEMBER LLC,**

Case No.: 20-23288 (SHL)
and
Case No. 20-23289 (SHL)
(Jointly Administered)

**DEBTORS**
-----------------------------------------------------------------x
NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                    Plaintiff,

      -against-

Adv. Pro. No. 22-07059 (SHL)

   11 APPLE LLC, 110 MARTENSE LLC,
   135 MIDDLETON U2L LLC,
   158 ROGERS NOTE ACQUISITION LLC,
   159 BROADWAY 1 LLC, 159 BROADWAY 2 LLC,
   159 BROADWAY LLC,159 BROADWAY MEZZ LLC,
   206 KENT INVESTOR II LLC, 206 KENT
   INVESTOR III LLC, 206 KENT INVESTOR LLC,
   206 KENT MEZZ LLC, 251 E 61 LLC,
   255 W 34 T LLC, 428 WYTHE LLC,
   502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,
   931 CARROLL LLC, B&A MARINE CO. INC.,
   BROOKLYN AIR CONDITIONING INC.,
   CORNELL 46 LLC, CORNELL 159 LLC,
   CORNELL 245-247 LLC, CORNELL 251-247 LLC,
   CORNELL 251-253 LLC, CORNELL 251253 LLC,
   CORNELL 257 LLC, CORNELL 259 LLC,
   CORNELL 46 LLC, CORNELL BEDFORD
   HOLDINGS LLC, CORNELL BEDFORD MEMBER

1

DE LLC, CORNELL CROWN LLC, CORNELL KEAP
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,
CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER a/k/a
YITZCHOK R. HAGER,

                                   Defendant(s)

----------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS COMPLAINT

### PRELIMINARY STATEMENT

Defendants[1], by and through their counsel, Leech Tishman Robinson Brog,

PLLC, respectfully submit this Memorandum of Law in support of their motion

to dismiss the adversary complaint dated December 20, 2022 ("Complaint"),

under Rules 8(a), 9(b), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure

---

[1]This motion is filed on behalf of the following defendants  only: 11 Apple LLC, 110 Martense LLC, 135 Middleton U2L LLC, 158 Rogers Note Acquisition LLC, 159 Broadway 2 LLC, 159 Broadway LLC, 206 Kent Investor II LLC, 206 Kent Investor III LLC, 206 Kent Investor LLC, 251 E 61 LLC, 255 W 34 TLLC, 428 Wythe LLC, 502 Wilson LLC, 730 Lorimer Holdings II LLC, 931 Carroll LLC, Cornell 46 LLC, Cornell 159 LLC, Cornell  245-247 LLC, Cornell  251-247 LLC, Cornell  251-253 LLC, Cornell 251253 LLC, Cornell 257 LLC, Cornell 259 LLC, Cornell 46 LLC, Cornell Bedford Holdings LLC, Cornell Bedford Member DE LLC, Cornell Crown LLC, Cornell Keap Holdings LLC, Cornell Kent Holdings LLC, Cornell Meeker Holdings LLC, Cornell Meserole DE LLC, Cornell Meserole Holdings LLC, Cornell Myrtle II LLC, Cornell Myrtle LLC, Cornell Realty Management LLC, Cornell Scholes Holdings LLC, Cornell West 34 II LLC, Cornell West 34 Owner LLC, Hamilton Eastman Meeker Holdings LLC, Meral Meeker LLC, Nl Acquisition Holdings LLC, and Isaac Hager, aka Issac Hager, aka Yitzcher Hager, aka Yitzchok Hager, aka Yitzchok R. Hager, (each a Defendant" and collectively, "Defendants"). The remaining defendants are not clients of Leech Tishman Robinson Brog PLLC and represent ed by the firm in this adversary proceeding.

and Rules 7008, 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure ("Motion"), for an order dismissing the Complaint on the grounds it: 1) fails to state a cause of action; 2) fails to plead fraud with particularity; or, in the alternative, 3) for a more definite statement.

Nat Wasserstein, as trustee of the WB Bridge Creditor Trust ("Trustee" or "Plaintiff") commenced this action, naming forty-eight (48) separate defendants in an action purportedly alleging the Defendants were recipients of fraudulent transfers which should be avoided under four sections of New York's Debtor and Creditor law (D.C.L. §§273-76) and two sections of the Bankruptcy Code 11 U.S.C. 548(a)(1)(A) and 548(a)(1)(B); and that Defendants' receipt of the transfers constitutes unjust enrichment under New York's common law.

The common denominator in each of these theories is that a specific defendant is a transferee; i.e., it received money, property or something of value sought to be avoided. In fact, Schedule A to the Complaint alleges sixty-six (66) separate transfers. Yet a review of the Complaint fails to uncover a single allegation of what any individual defendant received; the Complaint fails to identify a single transferee. Because each of the alleged claims requires an identified transferee, not to mention that the basic requirements of due process compel such identification, the allegations fail to state a cause of action.

While it is true that the Complaint alleges that the sixty-six transfers were made "for the benefit of the defendants" (Complaint at ¶60), such an allegation is meaningless whether two defendants were named or forty-eight are named as is the

4860-1031-8667, v. 3

case here because a defendant is entitled to know what it allegedly did wrong. Instead, the Trustee would have this Court invert notice pleading by effectively requiring the Defendants to identify what they purportedly received when it is the Plaintiff's burden. Under the various applicable rules of procedure, the Plaintiff fails to state a cause of action for failure to identify the transferees of the complained of transfers.

## BACKGROUND FACTS

The Complaint consists of ninety-three (93) paragraphs. More than half of the allegations relate to the identification of each Defendant's name, address and headquarters (Complaint at ¶¶ 6-54), the jurisdictional allegations (¶¶ 1- 5) and background regarding the Bankruptcy Case and the debtor WB Bridge Hotel LLC ("Debtor") (*Id.* at ¶ ¶55 - 62). The causes of action are formulaic statements of the statutes involved and allege, without any detail, that the elements of the statutes are satisfied. Complaint at ¶¶ 74 - 93. That leaves precious little devoted to the actual transfers which are necessarily the critical component of the case.

In language which lacks any meaningful, factual allegations, the Complaint has two paragraphs concerning the transfers:

> 69.   Upon information and belief, [Isaac] Hager ("Hager") caused the debtor to make those transfers of its interest in property (the "Transfers") listed on the attached Schedule A, to or for the benefit of the Defendants.
>
> 70.  Upon information and belief, the Transfers were made to, or for the benefit of, all Defendants.

Complaint at ¶¶ 69-70.  The former allegation merely states that there were sixty-

4860-1031-8667, v. 3

six transfers to or for the benefit of the forty-eight defendants. This sheds no light on which defendant was a transferee of which transfer. The latter allegation in paragraph 70 merely duplicates what was already alleged in paragraph 69, namely that the transfers were supposedly for the benefit all Defendants. This adds nothing factual which would put any individual defendant on notice as to what they allegedly did "wrong."

For the reasons below, the Complaint should be dismissed in its entirety for failure to state a cause of action because it fails to allege the identity of a single transferee and what they improperly received, the essential element of a cause of action premised on transfers sought to be avoided, together with other pleading deficiencies based on the excessive vagueness of the Complaint.  Alternatively, Rule 9(b) compels dismissal because fraud is not pled with particularity where the identity of the transferee is not set forth.  Finally, at a minimum, the motion for a more definite statement should be granted and the Trustee directed to identify the transferee of each of the alleged transfers forthwith.

## I

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AND SHOULD BE DISMISSED BECAUSE IT DOES NOT ALLEGE THE IDENTITY OF THE TRANSFEREES

### A.    Dismissal Is Required Under Rule 12(b)(6)

The Complaint fails to state a cause of action because it does not allege the central requirement of any fraudulent transfer cause of action: the identity of the transferees.  This shocking omission, particularly given that sixty-six transfers

4860-1031-8667, v. 3

are at issue, cannot withstand analysis under Fed. R. Civ. P. 12(b) or 9(b).

Fed. R. Civ. P. 12(b)(6), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7012(b), permits dismissal of a complaint for failure to state a claim. "To survive a motion to dismiss, the complaint must contain a sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The claim is factually plausible when a plaintiff pleads facts that allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This cannot be done in a fraudulent conveyance action when it is not alleged what each Defendant received as a transferee.

A pleading cannot merely recite the elements of a cause of action or "tender[ ] naked assertion[s] devoid of further factual enhancement." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *In re Collins,* 540 B.R. 54, 59 (Bankr. E.D.N.Y. 2015) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Here, the Complaint is beyond threadbare. Although sixty-six fraudulent transfers are purportedly identified in Schedule A to the Complaint, the Trustee fails to allege the identity of a single transferee. The standard under *Iqbal*, *Twombly* and its progeny is that a court may examine recitations of the elements

of a cause of action to determine whether they are conclusory or make sufficient factual allegations to justify the action continuing. In this case, there is no factual allegation on the identity of any transferee and, the Complaint therefore does not even reach the stage of *Iqbal/Twombly* analysis. The absence of the allegations on the identity of the transferees destroys the viability of the entire Complaint and requires dismissal.

**B.    Dismissal is Required Under Rule 9(b)**

**1.    The Intentional Fraudulent Conveyance Causes of Action Fail to Identify the Transferees and, Therefore, Should Be Dismissed for Failure to Plead Fraud With Particularity**

The First Claim for Relief under D.C.L. §276 and the Fifth Claim for Relief under U.S.C. §548(a)(1)(A) each contain a fraudulent intent requirement and accordingly the claims must be plead with specificity. [2]

The utter lack of information as to the identity of the transferees mandates dismissal. In *In re Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A.* (*In re M. Fabricant & Sons, Inc.*), 394 B.R. 721, 740 (Bankr. S.D.N.Y.

---

[2]In relevant part, section 548(a)(1)(A) provides that a trustee may avoid a transfer made "with actual intent to hinder, delay or defraud any entity…" 11 U.S.C. 548(a)(1)(A). Similarly, section 273 of the D.C.L., effective April 4, 2020, provides a remedy based on a party's "actual intent to hinder, delay or defraud any creditor of the debtor…" Prior to that date, intentional fraudulent conveyances were covered under Section 276. The Trustee's citation to section 276, for transfers after post-April 4, 2020, creates confusion because on that date all the sections of D.C.L. were repealed and replaced with similar substance but re-numbered. The new provisions do "not apply to a transfer made or obligation incurred before" the April 4, 2020 date. *See* 2019 N.Y. Sess. Laws Ch. 580. Here, there are transfers both before and after the effective date. *See* Schedule A to Complaint listing nine transfers after April 4, 2020. As to the element of confusion, the current section 276 provides the remedies available where a substantive section has been satisfied, permitting a creditor to seek avoidance of the transfer, an attachment or other provisional remedy, an injunction, appointment of receiver or any other relief the circumstances may require. D.C.L. §276. In short, Section 276 is no longer the intentional fraudulent conveyance provision, but rather it is found in section 273 and the Complaint cites only to the repealed version of §276.

4860-1031-8667, v. 3

2008), creditors alleged that banks had loaned money or transferred consideration to the debtors and the debtors had reconveyed that consideration to the "Fortgang Affiliates," forty-seven (47) entities alleged to be controlled by the principals of the debtors. *Id.* at 732-733. Applying the requirements of Rule 9(b), the Court dismissed the intentional fraudulent transfer cause of action on multiple grounds, including that the Complaint did not identify any specific transfer, transferor or transferee. *Id.* at 734. In language equally applicable here, the Court noted that "the Fortgang Affiliates include 47 separate entities. The Amended Complaint lumps them together, without distinction" and therefore the court ordered dismissal of certain intentional fraudulent conveyance claims. *Id.* at n. 10; *see also id.* (dismissing separate unrelated claims, stating "[s]ome $22 million worth of the gold purchased had already been delivered to the Fortgang Associates. The Amended Complaint nevertheless fails to identify which Fortgang Affiliates were the transferees….."); *Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp.*, NO 1 Civ. 8871 (JCF), 2002 U.S. Dist. LEXIS 9615, at *11 (S.D.N.Y. May 29, 2002) (dismissing intentional fraudulent transfer claim that failed to identify the property that was transferred, when the transfers occurred and to whom the transfers were made). Similarly, here sixty-six entities are "lumped together." Accordingly, the First and Fifth Claims for Relief should be dismissed for failure to identify the transferees.[3]

---

[3]The same result obtains even under the more relaxed Rule 8 standard. "Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2nd Cir. 2001)

4860-1031-8667, v. 3

2.   **The Constructive Fraudulent Conveyance Causes of Action Should Be Dismissed for Failure to Identify the Transferees**

The Second, Third, Fourth and Sixth Claims for Relief seek recovery under D.C.L. §273, 274, 275 and 11 U.S.C. 548(a)(1)(B), respectively.[4]   Like the intentional fraudulent conveyance actions, these claims also identify no transferees and are subject to dismissal for the same reason as the intentional fraudulent conveyance actions.[5]

Although there is disagreement in the Second Circuit as to whether Rule 9(b) governs constructive fraudulent conveyance claims, there is ample reason and logic to adopt such a rule.  Indeed, a healthy body of precedent applies the rule.  *Cargo Partner Ag. v. Albatrans, Inc.*, 207 F. Supp. 2d 86, 115-16 (S.D.N.Y. 2002) ("[t]he particularity requirements of Rule 9(b) apply to claims asserted under Sections 273 and 276 of the Debtor and Creditor Law"), *aff'd on other grounds*, 352 F.3d 41 (2d Cir. 2003); *Starmark, Inc. v. Zaccaria*, 1992 WL 209288, at *2 (S.D.N.Y. Aug. 17, 1992); *Matsumura v. Benihana Nat. Corp.*, 541 F. Supp. 2d 251 (E.D.N.Y., 2008) (Rule 9(b)'s "heightened pleading requirements are applicable to any claim that 'sounds in fraud,' regardless of whether fraud is an element of the claim.") citing *Rombach v. Chang*, 355 F.3d 164, 166, 170 (2d Cir.

---

(summary order)).  Where a complaint "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct, [it] fails to satisfy this minimum standard." *Id.; see also SCE Group Inc. v. City of New York*, 2020 WL 1033592 (S.D.N.Y. Mar. 3, 2020) ("None of the [ ] allegations, however, refer specifically to any Individual Defendant.  Plaintiff, therefore, has failed to provide the Individual Defendants with the notice required by Rule 8 of the particular allegations against them.")

[4] The relevant statutory language for claims arising before April 4, 2020 is set forth at note 7 i*nfra*.
[5] These claims are analyzed under the D.C.L. provisions effective prior to April 4, 2020 which, at the time, covered constructive fraudulent conveyances.  *See supra* n. 2.

9

2004); *Marketxt Holdings Corp. v. Engel & Reiman*, P.C., 693 F. Supp. 2d 387, 397 n. 75 (S.D.N.Y. 2010) (noting the disagreement within the Second Circuit over whether Rule 9(b) applies to claims of constructive fraud and finding plaintiff's constructive fraud allegations failed to meet the heightened standard); *Victor v. Riklis*, 1992 WL 122911 (S.D.N.Y. May 15, 1992) ("Rule 9(b)'s particularity requirements are not 'relaxed' for constructive fraud claims.").

A majority of courts in this Circuit have applied the more liberal pleading standard under Rule 8(a) of the Fed. R. Civ. P., together with the plausibility standard in *Iqbal* and *Twombly*, to claims alleging constructive fraud. The rationale supporting the majority view is that *scienter* is not an element of proof in a constructive fraud claim and thus the reason for applying Rule 9(b) – to protect character-damaging allegations of actual fraud and fraudulent intent – are not called into play.

But in this case, that rationale is not on point because the Trustee has alleged, even though lacking any factual basis or substance, that all of the Defendants, with the exclusion of Hager, were dominated and controlled by Hager with the suggestion that the corporate veil of these entities should be pierced. Complaint at ¶¶63-68. Piercing the corporate veil is a remedial species of fraud and it is therefore appropriate that the heightened pleading standard of Rule 9(b) apply. *Matter of Morris v. N.Y. State Dept. of Tax'n and Fin.*, 82 N.Y.2d 135, 141 (1993) (stating that piercing the corporate veil requires domination of the corporation and that "such domination was used to commit a fraud or wrong

4860-1031-8667, v. 3

against the plaintiff which resulted in plaintiff's injury").

Moreover, courts in the Second Circuit have applied Rule 9(b) to any cause of action that "bears a close legal relationship to fraud or mistake." *Matsumura*, 542 F. Supp. 2d at 251; *see, e.g., In re Leslie Fay Cos., Inc. Securities Litig.*, 918 F. Supp. 749, 767 (S.D.N.Y. 1996) (negligent representation); *Burrell v. State Farm and Cas. Co.*, 226 F. Supp. 2d 427, 438-39 (S.D.N.Y. 2002) (constructive fraud); *In re Parmalat Securities Litig.*, 501 F. Supp. 2d 560, 573 (S.D.N.Y. 2007) (breach of fiduciary duty against individual) *aff'd*, 309 Fed. Appx. 536 (2d Cir. 2009). Simply put, piercing the corporate veil constitutes a fraud on creditors. Given that fraud is, in fact, being alleged by the Trustee, Rule 9(b) should be the governing standard to judge the Trustee's failure to identify any transferees and the Complaint fails to allege such basic information.[6]

Accordingly, the Second, Third, Fourth, Sixth Claims for Relief under D.C.L. 273, 274, 275 and 11 U.S.C. 548(a)(1)(B), respectively, should be dismissed for failure to identify the transferees.

### 3.    The Intentional Fraudulent Transfer Causes of Action Fail to Plead Actual Intent

Apart from the failure to plead the identity of the transferees, the intentional fraudulent conveyance claims ("First and Fifth Claims for Relief") are subject to dismissal on additional grounds.

---

[6]*Eddystone Rail Co., LLC v. Bank of America, N.A.* 2021 WL 4443371 (S.D.N.Y. Sept. 28, 2001) (dismissing constructive fraudulent conveyance claim because the factual allegations "must provide the Defendants with fair notice" which includes "at least" such information as "timing, amount, or even which particular defendants are being referenced.") (applying Rule 8(a)).

It is well-established that "[t]o satisfy the heightened pleading requirements of Rule 9(b), 'a complaint must allege with some specificity the acts constituting fraud…[and] conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough.'" *NCA Inv'rs Liquidating Trust v. Pappajohn Constr. Co.* (*In re Seaboard Hotel Assoc. Members, LLC*), Case No. 15-1250, 2021 Bankr. LEXIS 2547, at * 18-19 (Bankr. D. Conn. Sept. 16, 2021) ("NCA") (*citing In re Arcade Fin. Techs. Ltd.,* 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005)). While Rule 9(b) provides that intent may be assumed, generally plaintiff is required "to allege facts that give rise to a strong inference of fraudulent intent." *Id. at* 19 (citation omitted). "The strong inference of fraudulent intent 'may be established either (a) by alleging facts to show the defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* (citing *Shields v. CitiTrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

"Because fraudulent intent is rarely susceptible to direct proof, courts have developed 'badges of fraud' to establish the requisite actual intent to defraud." *Id.* (citing *In re Kaiser,* 722 F.2d 1574, 1582 (2d Cir. 1983)); *Geltzer v. Barish* (*In re Geltzer*), 502 B.R. 760, 769 (Bankr. S.D.N.Y. 2013) ("Due to the difficulty of proving actual intent, a plaintiff may plead 'badges of fraud' that give rise to an inference of intent."). Common badges of fraud include: "(1) lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the partners; (3) the retention of possession, benefit or use of the property in

question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; (6) the general chronology of events and transactions under inquiry; (7) a questionable transfer not in the usual course of business; and (8) secrecy, haste or unusualness of the transaction." *Geltzer*, 502 B.R. at 769; *Pereira v. Urthbox, LLC* (*In re Try The World, Inc.*) ("*Pereira*"), Case No. 18-11764, 2021 Bankr. LEXIS 2140, *59 (Bankr. S.D.N.Y. Aug. 9, 2021) (same).

"Under the Bankruptcy Code, the trustee must show such intent on the part of the transferor." *Pereira*, 2021 Bankr. LEXIS 2410 at *59 (citing 11 U.S.C. §548(a)(1)(A). "The result is no different under New York law." *Id.*; *In re: Dreier LLP*, 452 B.R. 391, 432-33 (Bankr. S.D.N.Y. 2011) (construing New York law).

"To state an actual fraudulent transfer claim with Rule 9(b) particularity, a party must ordinarily allege (i) the property that was conveyed; (ii) the timing and, if applicable, frequency of the transfer; and (iii) the consideration (if any) paid for the transfer...." *Pereira*, 2021 Bankr. LEXIS at *60-61; *see Official Comm. Of Unsecured Creditors*, 394 B.R. at 733-735. "In addition to specifically identifying the transfer to be avoided, a party must also sufficiently plead the element of fraudulent intent required by Rule 9(b)." *Pereira*, 2021 Bankr. LEXIS at *61 (citation omitted).

The D.C.L., like section 548(a)(1)(A) of the Bankruptcy Code, allows for the

recovery of all transfers made with actual fraudulent intent. *See* current D.C.L. version of §273; *see Geltzer v. Barish (in re Geltzer),* 502 B.R. 760, 766 (Bankr. S.D.N.Y. 2013) (As under §548 of the Bankruptcy Code, the New York Debtor and Creditor Law provides that a conveyance made with 'actual intent' is a fraudulent transfer that may be avoided.") "A transfer may be fraudulent under §276 [now §273] even if the transferor pays "fair consideration," as long as the transfer was made with 'actual intent to hinder, delay or defraud." *Sec. Inv. Prot. Corp. v. Rossi (in re Cambridge Cap.,* LLC), 331 B.R. 47, 61 (Bankr. E.D.N.Y. 2005). The pleading requirements for federal and state law are similar.

The First and Fifth Claims for Relief fail to meet the elevated pleading requirements of Rule 9(b). The Plaintiff's allegation in paragraph 74 of the Complaint that the transfers were made with the actual intent to hinder, delay or defraud the debtor's creditors is insufficient because the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *See In re Collins,* 540 B.R. at 59 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, the Plaintiff's attempt to allege the badges of fraud is not enough to establish the requisite actual intent to defraud.

As for the first badge of fraud (lack or adequacy of consideration), Plaintiff alleges in Paragraph 71 that the Debtor's books and records do not reflect receipt of goods and services constituting fair consideration or reasonably equivalent value. Complaint at ¶71. No allegation shows how much was transferred to each defendant and whether any of them specifically failed to provide adequate

14

consideration for such transfer. This allegation falls short especially given that there is no allegation about the amount of the transfer each defendant purportedly received so that the comparison can be made.

Moreover, except for the purported allegations regarding the second factor (a close relationship between the transferor and the transferee), the Complaint contains no allegations of the remaining six factors (factors three through eight). *Supra* at pp. 10-11. Thus, Plaintiff has failed to allege sufficient badges of fraud to establish the actual fraudulent intent of the transferor-Debtor).

Thus, the First Claim for Relief under D.C.L. §276 and Fifth Claim for Relief under §548(a)(1)(A) of the Bankruptcy Code, both of which require actual fraudulent intent and must be pled with specificity under Rule 9(b), should be dismissed.

### 4. The First, Second, Third, Fourth, Fifth and Sixth Claims for Relief Do Not Allege the Requirements of 11 U.S.C. 550(a) and 551

The First, Second, Third, Fourth and Fifth claims for Relief each allege that the Trustee is entitled to relief pursuant to 11 U.S.C. §§550(a) and 551. Complaint at ¶¶ 76, 78, 81, 84, 87 and 90. In order to properly plead an actionable claim under Section 550 of the Bankruptcy Code, the Trustee must allege that the Defendants are the initial, immediate or mediate transferees of the transfer, or the entity for whose benefit the transfer was made. *Slobodian v. Whitely* (*In re Mechanicsburg Fitness, Inc.*), 596 B.R. 24, 29-30 (M.D. Pa. 2019); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec.*, 634 B.R. 39 (Bankr. S.D.N.Y. 2021)

("Madoff") *aff'd*, 2022 WL 7219262 (S.D.N.Y. Oct. 6, 2022).[7]   Here, the Trustee has neither specifically identified whether any particular Defendant is the initial, immediate or mediate transferee, nor alleged that a particular Defendant is a transferee with respect to a particular transfer.

Moreover, although the Bankruptcy Code does not define "transferee" and there is no legislative history on the point, the "minimum requirement of status as a "transferee" is dominion over the money or other asset. *Bonded Fin Servs. v. European Am Bank*, 838 F.2d 890, 893 (7th Cir. 1988); *Madoff*, 634 B.R. at 50 ("to be a 'transferee' and not a 'mere conduit' the party must have dominion over the money or other asset, the right to put the money to one's own purpose."). Similarly, in *Bond v. Vining Sports*, the Bankruptcy Court relied on In re *Parcel Consultants, Inc.,* for the definition of "transferee" where that court considered the meaning of "transferee" for purposes of §550 and held:

> In order to be a 'transferee' of the debtor's funds, one must (1) actually receive the funds, and (2) have full dominion and control over them for one's own account, as opposed to receiving them in trust or as agent for someone else.

*Bond v. Vining Sports* (*In re U.S. Mortg. Corp.*), 492 B.R. 784, 813 (Bankr. D.N.J. 2013) (*citing In re Parcels Consultants,* 287 B.R. 41, 46 (Bankr. D.N.J. 2002)).  In defining the terms "dominion and control" courts have held that "a transferee

---

[7]Section 550(a) provides in relevant part: "(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from:
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee."

4860-1031-8667, v. 3

must have the legal right to use the funds to whatever purposes he or she wishes."
*Bond,* 492 B.R. at 813; *Miller v. Porush*, 234 B.R. 293, 313 (Bankr. S.D.N.Y. 1999)
("An initial transferee is a person who has dominion and control over the subject
of the initial transfer to the extent that he or she may dispose of it as he or she
pleases, such as investing the whole amount in lottery tickets or uranium
stocks.")

Here, the Trustee cannot recover under Section 550 because the Complaint
fails to allege that each Defendant is a transferee in that it received funds and
that each Defendant has dominion and control over any purported transfer,
especially because the Trustee alleges in paragraph 64 of the Complaint that
Hager "exercise[d] dominion and control over each of the Entity Defendants…"
Complaint at ¶64.  The allegation that Hager caused the Debtor to make the
sixty-six transfers to or for the benefit of the Defendants (Complaint at ¶69) is a
blunderbuss, conclusory allegation that does not meet the requirements of section
550.  Accordingly, the first Five Claims for Relief should be dismissed to the
extent they rely on section 550.

### 5.    The Second, Third and Fourth Claims for Relief Do Not Allege the Absence of Good Faith

Under D.C.L. §§ 273-275, a conveyance by a debtor is deemed
constructively fraudulent if it is made without "fair consideration" and if one of
the following conditions is met: i) the transferor is insolvent or will be rendered
insolvent by the transfer (D.C.L. § 273); ii) the transferor is engaged in or is about
to engage in a business transaction for which its remaining property constitutes

unreasonably small capital (D.C.L. §274); or iii) the transferor believes that it will incur debt beyond its ability to pay (D.C.L. §275). The Trustee attempts to invoke these three provisions in the Second, Third and Fourth Claims for Relief.[8] These claims merely recite the statutory language and are insufficient. *Eddystone Rail Co.,* 2021 WL 4443371, at * 6, n. 1. *citing In re: Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005) (mere recitation of the statutory language insufficient under Rule 8 and *Twombly* plausibility standard)

A predicate for each claim is that the transfer was made without "fair consideration." The definition of fair consideration is set forth in D.C.L. §272 and includes an element of "good faith." To plead a violation of these sections, the Plaintiff must allege that the transfers were made with a lack of good faith. *Ray v. Ray*, 799 Fed Appx. 29, 30 (2d Cir. (2020) (dismissing claims under §§273 and 275 where plaintiff "has *not* sufficiently alleged a lack of good faith in connection with the transfers at issue.") (emphasis in original); *Pergament as Tr. of Barkany*

---

[8]DCL §272 provides that: "Fair consideration is given for property, or obligation.
    a.   When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or
    b.   When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.
        DCL §273 provides that "Every conveyance made and every obligation incurred by a person who is or who will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."
DCL §274 provides that: "Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent."
DCL §275 provides that "Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

*v. Marina Dist. Dev. Co., LLC*, 2018 WL 5018654, at *14 (E.D.N.Y. Oct. 15, 2018)

("[I]t is clear that D.C.L. §272 means what it says: ... 'good faith' on the part of

the transferee is an element of a constructive fraudulent conveyance claim."); *see*

*also In re Sharp,* 403 F.3d at 54 n. 1. "Good faith" means more than to merely be

void of an intent to defraud; it requires one to deal "honestly, fairly and openly."

*See S. Indus., Inc. v. Jeremios*, 66 A.D.2d 178, 183 (2d Dept. 1978).

Here, the Complaint does not plead the lack of good faith on the part of the

transferees; it is silent.  Accordingly, under any standard evaluating a pleading,

dismissal is required.

## II

### IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE GRANTED

Rule 12(e) of the Fed. R. Civ. P. provides that "[i]f a pleading to which a

responsive pleading is permitted is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading, the party may move for

a more definite statement before interposing a responsive pleading."  Fed. R.

Civ. P. 12(e).  "A motion pursuant to Rule 12(e) should not be granted unless the

Complaint is so excessively vague and ambiguous as to be unintelligible and as

to prejudice the defendant seriously in attempting to answer it." *Akande v. U.S.*

*Postal Serv.*, 2013 WL 587204, at *2 (S.D.N.Y. Feb. 13, 2013); *see also Ainette v.*

*Market Basket Inc.*, 2021 WL 1022590, at *7 (S.D.N.Y. Mar. 16, 2021) (noting

that a motion under Rule 12(e) is "typically reserved for fairly extreme

situations" based on allegations that are "excessively vague and ambiguous.")

Motions for a more definite statement have been granted when a plaintiff presented "a mere three lines of 'excessively vague' description of the nature of a motor vehicle accident, the basis of the claim and the scope of the injuries sustained." *Akande*, 2013 WL 587204, at *3.  The complaint also failed to allege the time and place of the accident, leading the court to grant the motion "due to excessive vagueness and unintelligibility." *Id.*

In *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439 (S.D.N.Y. 2005), plaintiff alleged that the combined effect of the hamburger chain's various promotional representations was to create the false impression that its food products were nutritionally beneficial and part of a healthy lifestyle if consumed daily. *Id.* at 442.  Since the plaintiff's theory hinged on a statutory claim for deceptive acts or practices under section 349 of New York's General Business Law, the defendant requested that the plaintiff identify each advertisement or practice claimed to be improper.  *Id.* at 444.  Although the court was mindful that a motion for a more definite statement should not be used to superimpose the heightened pleading requirement of Rule 9(b) on a claim subject only to notice pleading (*id.*) the Court granted the motion for a more definite statement, holding that without information as to the specific advertisements at issue the complaint was "render[ed] vague and conclusory." *Id.* at 445. ("Without information as to which of McDonald's representations comprised the nutritional schemes alleged to have injured the plaintiffs, McDonald's can neither admit, nor in good faith deny, the Consumer Protection

4860-1031-8667, v. 3

Act violations.").

Because the Plaintiff in *Pelman* was directed to "identify" the advertisement that constituted the allegedly deceptive conduct, it is no leap at all for this Court to direct the Trustee to identify each transferee involved.

III

**THE UNJUST ENRICHMENT CLAIM MUST BE DISMISSED**

Finally, the Trustee asserts in its Seventh Claim for Relief, a claim for unjust enrichment. "Under New York law, a plaintiff asserting a claim for unjust enrichment must show that the defendant was enriched at the plaintiff's expense and that equity and good conscience require the plaintiff to recover the enrichment from the defendant." *LaMonica v. NEDM Payables Corp.* (*In re Pretty Girl, Inc.),* 644 B.R. 298, 311 (Bankr. S.D.N.Y. 2022) (citing *Golden Pacific Bancorp. V. F.D.I.C.,* 375 F.3d 196, 203, n. 8 (2d Cir. 2004). "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience 'require restitution.'" *Id.* (*citing Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir. 2000).

First, the theory of recovery is unavailable when a plaintiff seeks to void a transfer because such a fact pattern satisfies the "good conscience" standard. *Pergament*, 2018 WL 5018654, at p. 11 (E.D.N.Y. Oct. 15, 2018) ("The separate issue of whether the Transfers are voidable after the fact under fraudulent conveyance law does not trigger the concerns of conscience that trigger a bona

21

4860-1031-8667, v. 3

fide claim for unjust enrichment.")

Second, the Trustee merely asserts bare legal conclusions without asserting any facts to support this claim for relief. These legal conclusions should be ignored in determining whether Trustee has stated a claim for relief and the claim should be dismissed under Rule 12(b)(6). Finally, unjust enrichment cannot be used as a catchall. *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777 (1993) ("Unjust enrichment is not a catchall cause of action to be used when others fail."). For any of these reasons, or all of them, the unjust enrichment claim should be dismissed.

## CONCLUSION

Based on the above, all seven claims for relief should be dismissed.

**Dated:**  January 20, 2023
New York, New York

> **LEECH TISHMAN ROBINSON BROG, PLLC**
> 875 Third Avenue, 9th Floor
> New York, New York 10022
> Tel. No.: 212-603-5300
> *Attorneys for Defendants*
>
> By:/s/ Fred B. Ringel
> **Fred B. Ringel**
> **William A. Rome**
> **Steven B. Eichel**

4860-1031-8667, v. 3