UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:                                              Chapter 11

WB BRIDGE  HOTEL LLC and                            Case No. 20-23288 (SHL) and
159 BROADWAY MEMBER LLC,                            Case No. 20-23289 (SHL)
                                                    (Jointly Administered)

                              Debtors.

------------------------------------------------------------------------x

NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                              Plaintiff,            Adv. Pro. No.: 22-07059 (SHL)

               -against-

11 APPLE LLC, 110 MARTENSE LLC,
135 MIDDLETON U2L LLC,
158 ROGERS NOTE ACQUISITION LLC,
159 BROADWAY LLC,
159 BROADWAY MEZZ LLC,
206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC, 251 E 61 LLC,
255 W 34 T LLC, 428 WYTHE LLC,
502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,
931 CARROLL LLC, B&A MARINE CO. INC.,
BROOKLYN AIR CONDITIONING INC.,
CORNELL 46 LLC, CORNELL 159 LLC,
CORNELL 245-247 LLC, CORNELL 251-247 LLC,
CORNELL 251-253 LLC, CORNELL 251253 LLC,
CORNELL 257 LLC, CORNELL 259 LLC,
CORNELL 46 LLC, CORNELL BEDFORD
HOLDINGS LLC, CORNELL BEDFORD MEMBER
DE LLC, CORNELL CROWN LLC, CORNELL KEAP
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,

CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER,

Defendants.

-----------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**SILVERMANACAMPORA LLP**
*Attorneys for Nat Wasserstein,*
*the Trustee of the WB Bridge Creditor Trust*
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
David J. Mahoney
(516) 479-6300

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................ 2

     The Bankruptcy Case ............................................................................................. 2

ARGUMENT

I.  THE DISMISSAL STANDARD ................................................................................. 4

II.  PLAINTIFF'S CLAIMS ARE SUFFICIENTLY PLED ......................................... 6

  A.  The Constructive Fraud Claims Are Sufficiently Pled ...................................... 7

    The Actual Fraud Claims Are Sufficiently Pled ................................................. 9

    Plaintiff Has Properly Pled a Claim for Unjust Enrichment ............................. 11

III.  LEAVE TO REPLEAD OR AMEND SHOULD BE GRANTED ..................... 13

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**

*101 Imaging LLC v. D.R. Rossi, M.D., P.C.*,
    2016 N.Y. Misc. LEXIS 5184, 2016 NY Slip Op 32803(U) ¶¶11-12
    (Sup. Ct. Nassau Cty. 2016) ..................................................................................... 13

*A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*,
    1998 U.S. Dist. LEXIS 4175, 1998 WL 159059 (S.D.N.Y. April 1, 1998)............................ 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 4, 5

*Assante*,
    470 B.R. at 711 ...................................................................................................... 5

*Atlanta Shipping Corp., Inc. v. Chemical Bank*,
    631 F. Supp. 335,  348 (S.D.N.Y. 1986) ............................................................... 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 4

*Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573, 586 (2d Cir. 2006) ........................................................................ 14

*Bulkmatic Transp. Co. v. Pappas*,
    99 Civ. 12070 (RMB)(JCF), 2001 U.S. Dist. LEXIS 6894 (S.D.N.Y. May 11, 2001) ............ 11

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147, 152 (2d Cir. 2002) .......................................................................... 4

*Corley v. United States*,
    11 F.4th 79, 89 (2d Cir. 2021)............................................................................... 9

*Corsello v. Verizon NY, Inc.*,
    18 NY.3d 777 (2012) ........................................................................................... 15

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2nd Cir. 1991) ................................................................................ 15

*Court-Appointed Receiver for Lancer Mgmt. Group LLC v. 169838 Canada, Inc.*,
    No. 05-60235-CIV., 2008 U.S. Dist. LEXIS 43059, 2008 WL 2262063
    (S.D. Fla. May 30, 2008)........................................................................................ 9

*Divittorio v. Equidyne Extractive Industries, Inc.*,
    822 F.2d 1242 (2d Cir. 1987)............................................................................... 11

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ............................................................................................... 8

*Fed. Nat'l Mortgage Ass'n v. Olympia Mortgage Corp.*,
  2006 U.S. Dist. LEXIS 70175, 2006 WL 2802092 (E.D.N.Y. 2006) ........................................ 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................. 15

*Fordham v. Islip Union Free Sch. Dist.*,
  662 F. Supp.2d 261, 270 (E.D.N.Y. 2009) ................................................................... 4

*FoxStone Group, LLC v. Calvary Pentecostal Church, Inc.*,
  173 A.D.3d 978 (2d Dept. 2019) ............................................................................... 14

*Friedman v. Wahrsager*,
  848 F. Supp. 2d 278, 292 (E.D.N.Y. 2012) ..................................................... 6, 8, 14

*Gindi v. Silvershein*,
  1995 U.S. Dist. LEXIS 7785 (S.D.N.Y. June 7, 1995) ............................................. 9

*Goel v. Ramachandran*,
  111 A.D.3d 783 (2d Dept. 2013) ............................................................................... 13

*Gordon v. I.M.V. 1290*,
  Nos. 20-20004-PRW, 21-02013-PRW, 2022 Bankr. LEXIS 1887
  (Bankr. W.D.N.Y. July 8, 2022) ............................................................................... 6

*Gowan v. Patriot Grp., LLC*,
  452 B.R. 391, 408 (Bankr. S.D.N.Y. 2011) ............................................................. 6

*Halperin v. Morgan Stanley Inv. Mgmt.*,
  646 B.R. 617 (Bankr. S.D.N.Y. 2022) ..................................................................... 8

*Hasset v. Zimmerman*,
  32 B.R. 199 (Bankr. S.D.N.Y. 1983) ....................................................................... 12

*Holliday v. K Rd. Power Mgmt., LLC*,
  617 B.R. 442, 471-72 (Bankr. S.D.N.Y. 2020) ....................................................... 4

*In re Extended Stay, Inc.*,
  Nos. 09-13764-JLG, 11-02254-JLG, 2020 Bankr. LEXIS 2128
  (Bankr. S.D.N.Y. Aug. 8, 2020) ............................................................................... 10

*In re Initial Pub. Offering Sec. Litig.*,
  383 F. Supp.2d 566, 574 (S.D.N.Y. 2005) ............................................................... 4

*In re Olympia Brewing Co. Secs. Litig.*,
  674 F. Supp. 597, 620 (D.Ill. 1987) ......................................................................... 12

*LaMonica v. NEDM Payables Corp.*,
  644 B.R. 298 (Bankr. S.D.N.Y. 2022) ..................................................................... 13

*Levin v. Nirav Deepak Modi*,
    634 B.R. 265, 298-99 (Bankr. S.D.N.Y. 2021) ....................................................... 12

*McNally v. Yarnall*,
    764 F.Supp. 853 (S.D.N.Y. 1991) ........................................................................ 15

*Miller v. Miller*,
    276 A.D.2d 758 (2d Dep't. 2000) ........................................................................ 13

*Nisselson v. Drew Indus.*,
    222 B.R. 417 (Bankr. S.D.N.Y. 1998) .................................................................. 11

*Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A.*
    *(In re M. Fabrikant & Sons, Inc.)*,
    394 B.R. 721, 735-36 (Bankr. S.D.N.Y. 2008) ...................................................... 8

*Pellman v. Cinerama, Inc.,*
    503 F. Supp. 107 (S.D.N.Y. 1980) ....................................................................... 11

*Pickard v. Taylor*,
    326 B.R. 505 (Bankr. S.D.N.Y. 2005) .................................................................... 5

*Saadeh v. Kagan*,
    No. 20-CV-01945 (PAE) (SN), 2021 U.S. Dist. LEXIS 203578
    (S.D..Y. Oct. 20, 2021) ......................................................................................... 6

*Scavenger, Inc. v. Interactive Software Corp.*,
    289 A.D.2d 58 (1st Dept. 2001) ........................................................................... 14

*Schlick v. Penn-Dixie Cement Corp.*,
    507 F.2d 374 (2d Cir. 1974) ........................................................................... 11, 12

*SEC v. Smith*,
    646 F. App'x 42 (2d Cir. 2016) ........................................................................... 13

*Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) .................................................................. 12

*Silverman v. Actrade Capital, Inc.*,
    337 B.R. 791 (Bankr. S.D.N.Y. 2005) .................................................................... 6

*Starmark,*
    1992 U.S. Dist. LEXIS 12309 .............................................................................. 11

*Sunrise Industrial Joint Venture v. Ditric Optics, Inc.*,
    873 F. Supp. 765 (E.D.N.Y. 1995) ....................................................................... 11

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) .............................................................................................. 9

*Tiberius Capital*,
   2011 WL 1334839 (S.D.N.Y. Mar. 31, 2011) ........................................................................ 4, 5

*Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp.*,
   No. 1-CV-8871 (JCF), 2002 U.S. Dist. LEXIS 9615 (S.D.N.Y. May 29, 2002) ..................................... 7

*Yao-Yi v. Wilmington Tr. Co.*,
   301 F. Supp. 3d 403 (W.D.N.Y. 2017) ................................................................................ 5

## Other Authorities

Bankruptcy Code §§544(b), 548, and 550 and NYDCL §§273-276 ............................................. 7

Moore's Federal Practice § 12.34 ................................................................................. 5

## Rules

Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(6), and 12(e) ................................................. 1

Federal Rules of Bankruptcy Procedure 7008, 7009, and 7012 .................................................. 1

## PRELIMINARY STATEMENT

Nat Wasserstein ("Plaintiff"), as trustee of the WB Bridge Creditor Trust (the "Creditor Trust") submits this memorandum in opposition to the motion by the moving defendants[1] ("Movants") to dismiss Plaintiff's complaint dated December 20, 2022 (the "Complaint") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(6), and 12(e) and Federal Rules of Bankruptcy Procedure 7008, 7009, and 7012(b) on the grounds that the Complaint (a) fails to state a cause of action and (b) fails to plead fraud with particularity. Alternatively, Movants seek a more definite statement.

This adversary proceeding arises out of defendant Isaac Hager's ("Hager")[2] attempted development of real property known as and located at 159 Broadway, Brooklyn, New York (the "Property") and his overarching, singlehanded control of the Debtor, the various defendants and other entities. As part of his scheme involving the Property, Hager directed that funds be transferred from the Debtor for the benefit of *dozens of his entities*. Moreover, the Debtor's books and records were maintained by Hager in a manner that made it difficult, if not impossible, to determine which of his entities was receiving each transfer. As more fully set forth below, the Complaint alleges sufficiently specific facts establishing that the Debtor's books and records did not reflect the receipt of fair consideration and that the transfers were not made in payment of legitimate debts. The Complaint, which clearly sets forth the dates and amounts of the transfers

---

[1] The moving defendants are: 11 Apple LLC, 110 Martense LLC, 135 Middleton U2L LLC, 158 Rogers Note Acquisition LLC, 159 Broadway 2 LLC, 159 Broadway LLC, 206 Kent Investor II LLC, 206 Kent Investor III LLC, 206 Kent Investor LLC, 251 E 61 LLC, 255 W 34 TLLC, 428 Wythe LLC, 502 Wilson LLC, 730 Lorimer Holdings II LLC, 931 Carroll LLC, Cornell 46 LLC, Cornell 159 LLC, Cornell  245-247 LLC, Cornell  251-247 LLC, Cornell 251-253 LLC, Cornell 251253 LLC, Cornell 257 LLC, Cornell 259 LLC, Cornell 46 LLC, Cornell Bedford Holdings LLC, Cornell Bedford Member DE LLC, Cornell Crown LLC, Cornell Keap Holdings LLC, Cornell Kent Holdings LLC, Cornell Meeker Holdings LLC, Cornell Meserole DE LLC, Cornell Meserole Holdings LLC, Cornell Myrtle II LLC, Cornell Myrtle LLC, Cornell Realty Management LLC, Cornell Scholes Holdings LLC, Cornell West 34 II LLC, Cornell West 34 Owner LLC, Hamilton Eastman Meeker Holdings LLC, Meral Meeker LLC, Nl Acquisition Holdings LLC, and Isaac Hager, aka Issac Hager, aka Yitzcher Hager, aka Yitzchok Hager, aka Yitzchok R. Hager.
[2] Hager is also known as (a) Issac Hager, (b) Yitzcher Hager, (c) Yitzchok Hager, and (d) Yitzchok R. Hager.

made in furtherance of Hager's scheme, seeks to avoid such transfers based upon the New York Debtor and Creditor Law (the "NYDCL"), and under the Bankruptcy Code. The Motion should be denied.

## BACKGROUND

The Bankruptcy Case

On December 21, 2020 (the "Filing Date"), 159 Broadway Member LLC ("159 Broadway") and its wholly owned subsidiary, the Debtor, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (the "Court"). On May 11, 2022, the First Amended Plan of Liquidation for Debtors (the "Plan") was filed by the Debtors' secured creditor. On July 7, 2022, the Court entered an order confirming the Plan (the "Confirmation Order"). On November 16, 2022, the Plan became effective. Pursuant to the Plan and the Confirmation Order, the Creditor Trust was established and Plaintiff, by and through Lindenwood Associates, LLC, was designated the Trustee of the Creditor Trust. Pursuant to the Plan and the Confirmation Order, certain assets of the Debtor's estate, including the claims asserted in the Complaint, were transferred to the Creditor Trust.

The Property and Related Transactions

The Debtor was the fee owner of the Property. Prior to the Filing Date, the Debtor was in the process of developing the Property into a 26-story full-service hotel with retail space.  The Debtor estimated that construction was fifteen percent complete as of the Filing Date. At the onset of the COVID-19 pandemic, the Debtor and 159 Broadway were unable to consensually restructure their existing financial obligations.  Accordingly, 159 Broadway's secured lender scheduled a sale of 159 Broadway's membership interests in the Debtor pursuant to Article 9 of the Uniform Commercial Code.  The Debtor commenced the chapter 11 case prior to such sale.

2

<u>Defendants' Insider Relationship with the Debtor</u>

As the Complaint alleges, Hager, either directly or through entities which he owns and/or controls, is the beneficial owner of the majority of membership interests or shares, as applicable, of each of the Entity Defendants (as defined in the Complaint), as well as 159 Broadway and the Debtor. Further, Hager, either directly or through entities which he owns and/or controls, exercised dominion and control over each of the Entity Defendants, as well as 159 Broadway and the Debtor.

The Complaint asserts that the Entity Defendants do not recognize customary corporate formalities and that Hager routinely transfers money between the Entity Defendants without regard for the separate corporate identity of each and with total impunity. The Complaint further alleges that the Entity Defendants all operate from the same address and share employees without compensation or adjustment between or among them.

<u>The Transfers</u>

The Complaint alleges that Hager caused the Debtor to make transfers of its interest in property (the "<u>Transfers</u>") listed on Schedule A attached to the Complaint to or for the benefit of defendants. The Complaint further alleges that the Transfers were made to, or for the benefit of, all defendants and that the Debtor's available books and records do not reflect the receipt of goods and/or services constituting fair consideration or reasonably equivalent value for the Transfers. Finally, the Complaint alleges that the Debtor was either insolvent at the times the Transfers were made or was rendered insolvent as a result of the Transfers.

## **ARGUMENT**

## **I.**

## **THE DISMISSAL STANDARD**

"[T]o survive a motion to dismiss under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff must allege only enough facts to state a claim to relief that is plausible on its face." *Fordham v. Islip Union Free Sch. Dist.,* 662 F. Supp.2d 261, 270 (E.D.N.Y. 2009) (internal quotation marks omitted). Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the court should assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 270-71 (internal citations and quotations omitted). *See also Holliday v. K Rd. Power Mgmt., LLC* (*In re Bos. Generating LLC*), 617 B.R. 442, 471-72 (Bankr. S.D.N.Y. 2020).

All reasonable inferences should be drawn in the plaintiff's favor. *Tiberius Capital*, 2011 WL 1334839, *3 (S.D.N.Y. Mar. 31, 2011); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002). The court's responsibility is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Pub. Offering Sec. Litig.,* 383 F. Supp.2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks and citation omitted). *See also Tiberius Capital, LLC v. PetroSearch Energy Corp.*, 2011 WL 1334839, 3 (S.D.N.Y. 2011). A court "may also consider documents attached to the Complaint or incorporated in it by reference, matters of judicial notice *and documents in the Defendants' possession or knowledge*." *Pickard v. Taylor (In re Park South Sec., LLC)*, 326 B.R. 505, 510 (Bankr. S.D.N.Y. 2005) (emphasis supplied).[3]

---

[3] In his Complaint, Plaintiff plainly alleges that the Debtor's books and records "do not reflect the receipt of goods and/or services constituting fair consideration or reasonably equivalent value" for the Transfers. *See* Complaint, ¶71.

The Court is not permitted to assess the merits of the complaint or any of its factual allegations, but may only determine if, assuming the truth of the facts alleged and the inferences that can be drawn from them, the complaint states the elements of a legally cognizable cause of action. *Yao-Yi v. Wilmington Tr. Co.*, 301 F. Supp. 3d 403, 413 (W.D.N.Y. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Turkman v. Ashcroft*, 598 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "Doubt as to a party's ability to prove their case, regardless of how unlikely it seems they will be able to prove it, is no reason for dismissing their pleadings under Federal Rule 12(b)(6)." *Assante*, 470 B.R. at 711 (citing *Moore's Federal Practice* § 12.34 (Matthew Bender 3d ed.)).

"Rule 9(b) is applicable to claims under § 548(a)(1)(A) of the Bankruptcy Code, as well as to State law claims of intentional fraudulent conveyance under §276 of the DCL." *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. T3echs., Ltd.)*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005); *see also Gordon v. I.M.V. 1290 (In re Mina)*, Nos. 20-20004-PRW, 21-02013-PRW, 2022 Bankr. LEXIS 1887, at *9 (Bankr. W.D.N.Y. July 8, 2022) (referencing same NYDCL causes of action, and §548(a)(1)(A) in context of Rule 9(b) standard). However, under the NYDCL statutes which "implicate constructive fraud, as opposed to fraudulent intent, the heightened pleading standard embodied in Rule 9(b), Fed. R. Civ. P., does not apply." *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 292 (E.D.N.Y. 2012); *see also Saadeh v. Kagan*, No. 20-CV-01945 (PAE) (SN), 2021 U.S. Dist. LEXIS 203578, at *11-12 (S.D..Y. Oct. 20, 2021) (weighing constructive fraudulent conveyance claims under the Rule 8 standard and discussing other Second Circuit and related-District cases).

"For claims brought by a bankruptcy trustee, courts take a more liberal view when examining allegations of actual fraud . . . in the context of a fraudulent conveyance, since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge." *Gowan v. Patriot Grp., LLC (In re Dreier LLP)*, 452 B.R. 391, 408 (Bankr. S.D.N.Y. 2011) (internal quotation marks omitted) (collecting cases). "Courts also consider documents not attached to the complaint or incorporated by reference, but upon which the complaint *solely* relies and which *[are] integral to the complaint.*" *Gowan v. Patriot Grp., LLC (In re Dreier LLP)*, 452 B.R. 391, 407 (Bankr. S.D.N.Y. 2011) (internal quotation marks omitted, emphasis in original).

It is against the foregoing principles that the sufficiency of the Complaint must be measured.  As demonstrated below, the Motion should be denied.

## II.

### PLAINTIFF'S CLAIMS ARE SUFFICIENTLY PLED

The Complaint seeks to avoid certain pre-petition transfers of the Debtor's interest in property to or for the benefit of defendants, and to recover all sums paid to or for the benefit of defendants under Bankruptcy Code §§544(b), 548, and 550 and NYDCL §§273-276. Movants complain that the Complaint does not identify which particular defendants received which particular Transfers.  Movants neglect to advise the Court that Hager (through his exercise of dominion and control over the Debtor)[4] was responsible for the maintenance of the Debtor's books and records, or that Hager failed to fully record the Transfers made by the Debtor to the numerous Entity Defendants that are also alleged to have been dominated and controlled by Hager (and are therefore also insiders of the Debtor).  It was Hager's failure (or refusal) to properly account for the recipients of the Transfers (or to record any consideration given to the Debtor in exchange

---

[4] *See* Complaint, ¶64

therefor) that prevented Plaintiff from conducting a more fulsome investigation of the Debtor's business and operations or investigate the details surrounding the Transfers prior to the expiration of the statu.

A.    The Constructive Fraud Claims Are Sufficiently Pled

In order to establish the "constructive" fraudulent transfer claims under the NYDCL, a plaintiff must show that "(i) the transferor is insolvent or will be rendered insolvent by the transfer in question, DCL §273; (ii) the transferor is engaged in or is about to engage in a business transaction  for which its remaining property constitutes unreasonably small capital, DCL §274; or (iii) the transferor believes that it will incur debt beyond its ability to pay, DCL §275." *Halperin v. Morgan Stanley Inv. Mgmt. (In re Tops Holding II Corp.)*, 646 B.R. 617 (Bankr. S.D.N.Y. 2022). Courts do "not consider ... particular allegations in a vacuum," but instead "examine[] them in light of all the facts alleged...." *Friedman v. Wahrsager*, 848 F Supp. 2d 278, 292 (E.D.N.Y. 2012).

The Complaint pleads each and every one of those essential allegations.  Complaint ¶69 refers to Schedule A to the Complaint which sets forth, in detail, the date and amount of each and every Transfer. Complaint ¶71 further identifies Plaintiff's review of "the Debtor's books and records" as the basis for Plaintiff's knowledge and for the allegations of the Complaint.

Movants' reliance on *Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 735-36 (Bankr. S.D.N.Y. 2008) is misplaced.[5] In that case, Chief Bankruptcy Judge Bernstein recognized that allegations of a constructive fraudulent transfer are subject to less rigorous pleading requirements and that the plaintiff need not provide specific facts to support its allegations. *Fabrikant*, 394 B.R. at 733 citing

---

[5] Movants' citation to *Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp.*, No. 1-CV-8871 (JCF), 2002 U.S. Dist. LEXIS 9615 (S.D.N.Y. May 29, 2002) is grossly misplaced. In that case, the plaintiff did not identify the property that was transferred, when, or to whom. The Complaint is this case alleges all of those facts.

*Erickson v. Pardus*, 551 U.S. 89 (2007). Judge Bernstein found that FRCP 8(a) only requires that the allegations "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *cf. Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (explaining that Rule 8 "embodies a policy of 'notice pleading' that eschews the need to plead specific types of documentary evidence to establish a plausible claim.").

Judge Bernstein also noted that courts have held that the non-particularized allegations of intentional fraudulent transfers are sufficient to support constructive fraudulent transfer claims based on the same allegations. For example, in *Fed. Nat'l Mortgage Ass'n v. Olympia Mortgage Corp.*, 2006 U.S. Dist. LEXIS 70175, 2006 WL 2802092, at *9 (E.D.N.Y. 2006), the court declined to dismiss a complaint in which the allegations gave fair notice of the plaintiff's claims but did not provide any details of those claims. In that case, the plaintiff's constructive fraudulent conveyance claims aggregated and lumped a series of transfers made by the debtor over a three-to-five-year period and failed to identify the number of transfers, the specific dates of the transfers or the amounts of the transfers. Nevertheless, those allegations were held to be "sufficient to satisfy the notice pleading standard of Rule 8…."

Similarly, in *Gindi v. Silvershein*, 1995 U.S. Dist. LEXIS 7785 (S.D.N.Y. June 7, 1995) the court declined to dismiss constructive fraud claims in which the plaintiff alleged that the debtor made or incurred a non-particularized series of transfers and obligations. Finally, in *Court-Appointed Receiver for Lancer Mgmt. Group LLC v. 169838 Canada, Inc.*, No. 05-60235-CIV., 2008 U.S. Dist. LEXIS 43059, 2008 WL 2262063, at *3 (S.D. Fla. May 30, 2008), the court held that Rule 8(a) does not require the pleader to "allege the particular transfers which each of the [defendants] received" or the capacity in which the particular defendants received them.

Here, with respect to Plaintiff's constructive fraud claims, the Complaint provides Movants (and the other non-moving defendants) with notice of the claims against them. Presuming all factual allegations of the Complaint to be true, and drawing all reasonable inferences in Plaintiff's favor, this Court should not (and cannot) conclude that Plaintiff is unable to prove any set of facts which would entitle him to relief.

The Actual Fraud Claims Are Sufficiently Pled

Here, Plaintiff was not provided with access to the books and records of the Debtor until approximately one (1) month before the applicable statutes of limitation expired. Based upon the complex interrelationships among Hager and defendants, that period of time is wholly insufficient to allow Plaintiff and his retained professionals to digest and understand all of the underlying facts and circumstances regarding the Debtors' business and operations, including the Transfers. That process was further frustrated by the manner in which the Debtor accounted for the Transfers in its own books and records.

When the facts are in the control of the opposing party or within the opposing party's knowledge, or the opposing party is an insider, the particularity requirement of Rule 9(b) is "relaxed." *In re Extended Stay, Inc.*, Nos. 09-13764-JLG, 11-02254-JLG, 2020 Bankr. LEXIS 2128, at *213 (Bankr. S.D.N.Y. Aug. 8, 2020); *see Sunrise Industrial Joint Venture v. Ditric Optics, Inc.*, 873 F. Supp. 765, 772 (E.D.N.Y. 1995) (generalized pleadings, based purely upon information and belief, are usually accepted in cases in which the defendant, as a corporate insider, has the particulars of the fraud claims peculiarly within his or her knowledge); *Divittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242, 1247 (2d Cir. 1987) (the requirement of pleading fraud with particularity is relaxed where the particulars of the fraud claims are peculiarly within the knowledge of the defendants); *Bulkmatic Transp. Co. v. Pappas*, 99 Civ. 12070

(RMB)(JCF), 2001 U.S. Dist. LEXIS 6894, at *37 (S.D.N.Y. May 11, 2001); *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 44 L. Ed. 2d 467, 95 S. Ct. 1976 (1975); *Starmark,* 1992 U.S. Dist. LEXIS 12309 at *5. *Pellman v. Cinerama, Inc.,* 503 F. Supp. 107, 111 (S.D.N.Y. 1980); *Nisselson v. Drew Indus. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417 (Bankr. S.D.N.Y. 1998).

Moreover, greater liberality in the pleading of fraud is particularly appropriate in bankruptcy cases, because, as here, it is often the trustee, a third-party outsider to the fraudulent transaction, that must plead the fraud on secondhand knowledge for the benefit of the estate and all of its creditors. *See White Metal Rolling*, 222 B.R. at 428 ("Since a bankruptcy trustee rarely has personal knowledge of the events preceding his appointment, he can plead fraud based upon information and belief provided he pleads the basis of his belief."); *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F. Supp. 335, 348 (S.D.N.Y. 1986), *aff'd* 818 F.2d 240 (2d Cir. 1987); *Hasset v. Zimmerman (In re O.P.M. Leasing Services, Inc.)*, 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983)(*citing Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974); *Levin v. Nirav Deepak Modi (In re Firestar Diamond, Inc.)*, 634 B.R. 265, 298-99 (Bankr. S.D.N.Y. 2021). As the court noted in *Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.,* 234 B.R. 293, 310-11 (Bankr. S.D.N.Y. 1999), "[w]hen the trustee's lack of personal knowledge is compounded with complicated issues and transactions which extend over lengthy periods of time, the trustee's handicap increases and courts, therefore, should afford him or her even greater latitude." *See also A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, 1998 U.S. Dist. LEXIS 4175, 1998 WL 159059, *6 (S.D.N.Y. April 1, 1998) (*citing In re Olympia Brewing Co. Secs. Litig.*, 674 F. Supp. 597, 620 (D.Ill. 1987)).

10

Courts have upheld complaints that have alleged "badges of fraud" similar to the allegations of Plaintiff's Complaint. In this case, the "badges of intent" are sufficiently pled.[6]. Courts have upheld complaints when, as here, the timing of the transfers "could not be more suspicious" and there were sufficient badges of fraud to indicate that the transfers were fraudulent conveyances. *See SEC v. Smith*, 646 F. App'x 42, 45 (2d Cir. 2016). Indeed, courts have readily inferred fraudulent intent from the circumstances of a transfer. *See Miller v. Miller*, 276 A.D.2d 758, 758 (2d Dep't. 2000). "Other facts that give rise to an inference of fraud include whether "it was a 'secret and hasty transfer not in the usual course of business,' the degree of 'the transferor's knowledge of the creditor's claim and the transferor's inability to pay it,' and 'the use of dummies or fictitious parties' in the transfer." *LaMonica v. NEDM Payables Corp. (In re Pretty Girl, Inc.)*, 644 B.R. 298, 307 (Bankr. S.D.N.Y. 2022). Here, the Complaint, taken as a whole, demonstrates a sufficient basis to conclude the same considerations are at play with respect to these Transactions, and Hager's activities while in control of Debtor.

Plaintiff Has Properly Pled a Claim for Unjust Enrichment

In order to "prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Goel v. Ramachandran*, 111 A.D.3d 783, 791 (2d Dept. 2013) (internal quotation marks omitted); *see also 101 Imaging LLC v. D.R. Rossi, M.D., P.C.*, 2016 N.Y. Misc. LEXIS 5184 *21-22, 2016 NY Slip Op 32803(U) ¶¶11-12 (Sup. Ct. Nassau Cty. 2016); *FoxStone Group, LLC v. Calvary Pentecostal Church, Inc.*, 173

---

[6] The Entity Defendants were all operated out of the same principal place of business at 75 Huntington Street, Brooklyn, New York 11231. *See* Complaint, ¶67  The Entity Defendants shared employees and/or employees of each Entity Defendant performed uncompensated services for other Entity Defendant. *See* Complaint, ¶68. The Entity Defendants did not recognize customary corporate formalities. *See* Complaint, ¶65. Finally, Hager transferred money between the corporate entities without regard for the corporate identities of each. *See* Complaint, ¶66.

A.D.3d 978, 981 (2d Dept. 2019). A plaintiff may not maintain an action for unjust enrichment when the matter in dispute is governed by an express contract. *See generally 101 Imaging LLC v. D.R. Rossi, M.D., P.C.*, 2016 N.Y. Misc. LEXIS 5184 at \*22; *see also Scavenger, Inc. v. Interactive Software Corp.,* 289 A.D.2d 58, 59 (1st Dept. 2001).

Movants' arguments for dismissal of Plaintiff's unjust enrichment claim were considered and rejected in *Friedman v. Wahrsager*, 848 F Supp. 2d 278, 294-295 (E.D.N.Y. 2012). In *Friedman*, the District Court sustained the trustee's unjust enrichment claim as well as the trustee's fraudulent conveyance claims. Those legal theories are not mutually exclusive. The principle that unjust enrichment is unavailable when there is an adequate remedy at law reflects the legal distinction between unjust enrichment, or "quasi-contract," claims and claims for damages resulting from a breach of contract. *See* Restatement of Restitution §5. The *Friedman* court found that when, as here, the other claims do not involve a contract, but rather are quasi-contractual, a plaintiff may bring a claim for unjust enrichment. *Friedman*, 848 F Supp. 2d at 295; *see also Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc*., 448 F.3d 573, 586 (2d Cir. 2006).

Here, Plaintiff's claims are *not* based upon breach of an express contract but are based upon statutory fraudulent conveyances, the existence of which does not bar his unjust enrichment claim. *See Friedman v. Wahrsager*, 848 F. Supp. 2d at 295. Moreover, because Plaintiff has pled each of the essential elements of an unjust enrichment claim against defendants, the Motion must be denied. *See Friedman*, 848 F. Supp. at 295. ("Plaintiff has otherwise sufficiently pled the three elements for unjust enrichment.").[7]

---

[7] Movants' citation to *Corsello v. Verizon NY, Inc.*, 18 NY.3d 777 (2012) is unavailing. In that case, the Court concluded that the unjust enrichment claim was duplicative of the plaintiff's other causes of action because it duplicated or replaced a conventional contract or tort claim.

12

### III.

### LEAVE TO REPLEAD OR AMEND SHOULD BE GRANTED

Federal Rule of Civil Procedure 15 provides that, after issue has been joined, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be *freely given* when justice so requires." (emphasis added). Leave to amend may be denied "*only* where the court finds 'undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Campor v. 1st Nationwide Bank*, 857 F.Supp. 264, 269 (E.D.N.Y. 1994); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991) ("[a]lthough leave to replead is within the discretion of the court, refusal to grant it without any justifying reason is an abuse of discretion."); *McNally v. Yarnall*, 764 F.Supp. 853, 855 (S.D.N.Y. 1991) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although Movants' Motion should be denied in its entirety, Movants have not identified any defect Plaintiff's Complaint that cannot be remedied by leave to replead. Under the circumstances, to the extent that any portion of the Motion is granted, Plaintiff should be granted leave to replead.

**CONCLUSION**

The Motion should be denied in its entirety together with such other and further relief as

the Court deems just and proper.

Dated: Jericho, New York
       January 30, 2023

SILVERMANACAMPORA LLP
Counsel to Nat Wasserstein, the Trustee of the WB
Bridge Creditor Trust


By:    /s/ David J. Mahoney
       David J. Mahoney
       Brian Powers
       Members of the Firm
       100 Jericho Quadrangle, Suite 300
       Jericho, New York 11753
       (516) 479-6300

14