| | |
|---|---|
| **LEECH TISHMAN ROBINSON BROG, PLLC**<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Tel. No.: 212-603-6300<br>Fred B. Ringel, Esq.<br>William A. Rome, Esq.<br>Steven B. Eichel, Esq.<br>*Attorneys for Defendants Listed in Footnote 1* | Hearing Date and Time:<br>February 6, 2023 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In Re:

WB BRIDGE HOTEL LLC AND
159 BROADWAY MEMBER LLC,                       Case No.: 20-23288 (SHL)
                                                and
                                                Case No. 20-23289 (SHL)
                                                (Jointly Administered)

                            Debtors.
-----------------------------------------------------------------X
NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                            Plaintiff,

        -against-                               Adv. Pro. No. 22-07059 (SHL)

11 APPLE LLC, 110 MARTENSE LLC,
135 MIDDLETON U2L LLC,
158 ROGERS NOTE ACQUISITION LLC,
159 BROADWAY 1 LLC, 159 BROADWAY 2 LLC,
159 BROADWAY LLC, 159 BROADWAY MEZZ LLC,
206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC, 251 E 61 LLC,
255 W 34 T LLC, 428 WYTHE LLC,
502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,
931 CARROLL LLC, B&A MARINE CO. INC.,
BROOKLYN AIR CONDITIONING INC.,
CORNELL 46 LLC, CORNELL 159 LLC,
CORNELL 245-247 LLC, CORNELL 251-247 LLC,
CORNELL 251-253 LLC, CORNELL 251253 LLC,
CORNELL 257 LLC, CORNELL 259 LLC,
CORNELL 46 LLC, CORNELL BEDFORD
HOLDINGS LLC, CORNELL BEDFORD MEMBER
DE LLC, CORNELL CROWN LLC, CORNELL KEAP

HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,
CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER a/k/a
YITZCHOK R. HAGER,

                            Defendant(s)

-----------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT AND
## IN RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### PRELIMINARY STATEMENT

Defendants[1], by and through their counsel, Leech Tishman Robinson Brog, PLLC, respectfully submit this Reply Memorandum of Law in support of

---

[1] This reply is filed on behalf of the following defendants only: 11 Apple LLC, 110 Martense LLC, 135 Middleton U2L LLC, 158 Rogers Note Acquisition LLC, 159 Broadway 2 LLC, 159 Broadway LLC, 206 Kent Investor II LLC, 206 Kent Investor III LLC, 206 Kent Investor LLC, 251 E 61 LLC, 255 W 34 TLLC, 428 Wythe LLC, 502 Wilson LLC, 730 Lorimer Holdings II LLC, 931 Carroll LLC, Cornell 46 LLC, Cornell 159 LLC, Cornell 245-247 LLC, Cornell 251-247 LLC, Cornell 251-253 LLC, Cornell 251253 LLC, Cornell 257 LLC, Cornell 259 LLC, Cornell 46 LLC, Cornell Bedford Holdings LLC, Cornell Bedford Member DE LLC, Cornell Crown LLC, Cornell Keap Holdings LLC, Cornell Kent Holdings LLC, Cornell Meeker Holdings LLC, Cornell Meserole DE LLC, Cornell Meserole Holdings LLC, Cornell Myrtle II LLC, Cornell Myrtle LLC, Cornell Realty Management LLC, Cornell Scholes Holdings LLC, Cornell West 34 II LLC, Cornell West 34 Owner LLC, Hamilton Eastman Meeker Holdings LLC, Meral Meeker LLC, Nl Acquisition Holdings LLC, and Isaac Hager, aka Issac Hager, aka Yitzcher Hager, aka Yitzchok Hager, aka Yitzchok R. Hager, (each a Defendant" and collectively, "Defendants"). The remaining defendants are not clients of Leech Tishman Robinson Brog PLLC and are not represented by the firm in this adversary proceeding.

2

their motion to dismiss the adversary complaint dated December 20, 2022 ("Complaint"), and in response to Plaintiff's Memorandum in Opposition to Dismiss Plaintiff's Complaint ("Opposition").[2]

The Trustee's[3] submission opposing Defendants' motion to dismiss is as equally threadbare as the Complaint which failed to allege the most basic information at the core of any fraudulent transfer litigation: which defendant received what allegedly improper transfer sought to be avoided. The Trustee's opposition provides no additional detail to remedy this key factual omission, which runs as a dispositive, common defect throughout each of the seven claims for relief, nor any supplemental facts as to why numerous defendants are named as parties. Indeed, it appears that the Defendants were selected not because they were recipients of any challenged transfer but merely because they apparently all happened to have the same address as the Debtor.  In addition, the Trustee's bleating that somehow the Debtor's records, which they had in advance of filing the Complaint are insufficient, is not supported by an affidavit by someone who reviewed the records, nor even a proffer explaining with a single example what it was about the records which made identifying the transferees such a herculean task. Accordingly, the Complaint should be dismissed.

### All The Claims Alleging Transfers to be Avoided Should Be Dismissed

The Trustee's December 20, 2022 Complaint named 48 separate defendants

---

[2] The abbreviations set forth in Defendants' Memorandum of Law in Support of Motion to Dismiss, dated January 20, 2023 ("MOL") are carried forth herein. On January 20, 2023, the Defendants filed their MOL. On January 30, 2023, Plaintiff filed its Opposition.

[3] The term "Trustee" and "Plaintiff" are used interchangeability.

in an action purportedly alleging the Defendants were recipients of fraudulent transfers which should be avoided under four sections of New York's Debtor and Creditor law (D.C.L. §§273-76) and two sections of the Bankruptcy Code 11 U.S.C. §§548(a)(1)(A) and 548(a)(1)(B); and that Defendants' receipt of the transfers constitutes unjust enrichment under New York's common law.

The Opposition does not provide a valid basis to deny the Motion. It seeks to blame others for Plaintiff's inability to properly incorporate and utilize the financial records provided to his counsel. Plaintiff blames his inability to identify which defendant received a particular transfer on Mr. Hager ("Hager") because (i) Hager purportedly (through his alleged exercise and control of the Debtors)[4] was responsible for the maintenance of the Debtors' books and records or (ii) Hager failed to fully record the transfers made by the Debtor to the Debtor entities that are purportedly dominated and controlled by Hager. Opposition at p. 6. Plaintiff further complains that "[i]t was Hager's failure (or refusal) to properly account for the recipients of the Transfers (or to record any consideration given to the Debtor in exchange therefor) that prevented Plaintiff from conducting a more fulsome investigation of the Debtor's business and operations or investigate the details surrounding the Transfers before the expiration of the statu[te of limitations][sic]." Opposition at pp 6-7. Plaintiff relies on (i) these unsubstantiated and misleading allegations in the Opposition (rather than allegations in the Complaint) and (ii) certain case law in support of its argument that he should be afforded "greater

---

[4] The 159 Broadway Member LLC Statement of Financial Affairs identifies Hager as a manager, but not an owner of that entity. He is not listed as a manager or owner of WB Bridge Hotel LLC in its Statement of Financial Affairs.

4
4856-6753-9022, v. 5

liberality" in the pleading of fraud because the trustee must plead fraud based on second-hand knowledge. Opposition at p. 10. Plaintiff is wrong on the facts and mistaken as to the law.

As an initial matter these baseless allegations are made in the Opposition and not supported by an affidavit by someone who reviewed the records, nor is there any proffer as to what it was in the records, which included five years of bank statements, that made discovering the identity of the transferees somehow impossible. Specifically, Plaintiff's counsel did not request the Debtor's records until November 17, 2022 – the effective date of the Plan. Plaintiff was provided with WB Bridge Hotel's QuickBooks and bank statements from inception in 2017 to the date of the request. Those bank statements reflect, among other things, the transfer of funds from the Debtor's bank account. Nothing prevented the Plaintiff from seeking financial records at an earlier point in time during the case or conducting discovery if he was not satisfied with the documents provided or was confused. At no time did Plaintiff request an extension of time to conduct discovery or a tolling agreement. While the delay in taking action is damning, the failure to articulate the deficiency in the production is inexplicable and dispositive of the need for dismissal or at least a more definite statement.

Because Plaintiff failed to properly plead the claims alleged with particularity, he seeks to rely on the proposition that as a stranger to the transfers, the Trustee's pleadings are subject to a "relaxed standard" of review. However, "even the so-called relaxed standard does not *eliminate* the particularity

5

requirement." *Devaney, as Trustee for CB&R (Holdings) Ltd. V. A.P. Chester,* 813 F.2d 566, 569 (2d Cir. 1987). The particularity requirement "should be determined in light of such circumstances as whether the plaintiff has had an opportunity to take discovery of those who may possess knowledge of the pertinent facts." *Id.; see Halpern, as Litig. Trustee for the Tops Holding Litigation Trust v. Morgan Stanley Inv. Mgmt. (In re Tops Holding II Corporation)*, 646 B.R. 617, 650 (Bankr. S.D.N.Y. 2022) ("the degree of particularity required of a bankruptcy trustee may vary depending on whether the plaintiff has had the opportunity to take discovery of those who may possess knowledge of the pertinent facts….").

Here, Plaintiff was provided the necessary financial records to prepare its Complaint and so the requirements of Rule 9(b) should not be relaxed. Separately and independently, Plaintiff could have taken discovery of the Debtor or its representatives if he wanted, but he chose not to do so. That Plaintiff squandered his opportunity to take discovery before or after the Plan's November 17 effective date should not allow him to skirt the Rule 9(b) pleading requirements. The Complaint is deficient, and Plaintiff cannot blame Hager or anyone else for its deficiency. The Opposition neither revives the deficient Complaint nor supports Plaintiff's argument that the Defendants' Motion should be denied.

Moreover, rather than addressing all of the Defendants' arguments as to why the Complaint should be dismissed, Plaintiff fails to respond to numerous arguments in the Motion as to why the Complaint is deficient and must be dismissed.

6

For example, the Defendants relied on In *re Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re Fabrikant & Sons, Inc.,* 394 B.R. 721, 740 (Bankr. S.D.N.Y.) and *Wujin Nanxiashu Secant Factoring v. Ti-Well Int'l Corp.,* NO 1 Civ. 8871 (JCF), 2002 U.S. Dist. LEXIS 9615, at *11 (S.D.N.Y. May 29, 2002)[5] for the proposition that the Complaint's intended fraudulent conveyance claims do not satisfy Rule 9(b) because, among other things, it failed to identify the transferees, and thus the claims under Bankruptcy Code §548(a)(a)(A) and former DCL §276 should be dismissed for failure to plead fraud with particularity. *See* MOL at pp 7-8.

Rather than addressing Defendants' argument and the cases in the above paragraph in the context of intentional fraudulent conveyances claims and the particularity requirement of Rule 9(b), Plaintiff incorrectly asserts that reliance on these cases is misplaced because allegations of constructive fraudulent transfers are subject to less rigorous pleading requirements under Rule 8(a).

The intentional fraudulent conveyance actions also fail to plead actual intent. Although alleging badges of fraud may suffice to show actual intent, the Opposition does not demonstrate that the Complaint alleges sufficient badges of fraud. The MOL addressed why the first factor (lack or adequacy of contents) falls short, and there are no allegations regarding the last six badges of fraud that are necessary to establish actual intent to defraud. The facts set forth in

---

[5] In *Wujin*, the complaint alleged defendants fraudulently conveyed money and property in violation of Section 273-276 of the New York Debtor and Creditor law. The Court stated pleading of a fraudulent conveyance claim is governed by Rule 9(b). *Id.* at *10-11. Contrary to Plaintiff's footnote 5, *Wujin* is directly on point because in that case Plaintiff failed to identify, among other things, the identity of the transferee.

7

footnote 6 of the Opposition regarding shared employees, entities with the same address, and an alleged failure by the Defendants to recognize corporate formalities are irrelevant to the badges of fraud. Thus, Plaintiff has not established actual intent to defraud.

Moreover, notwithstanding Plaintiff's attempt to argue that the allegations are sufficient, even under the more liberal standard under Rule 8(a), a cause of action for constructive fraudulent conveyance that fails to identify the name of the transferee for a particular transfer should be dismissed. *See Eddystone Rail Co., LLC v. Bank of Am., N.A.* 2021 WL 4443371 (S.D.N.Y. Sept. 28, 2001) ("*Eddystone*") (court dismissed a construction fraudulent conveyance claim under Rule 8(a) because factual allegations "must provide the defendants with fair notice" which includes "at least" such information as "timing, amount, or even which particular defendants are being referenced.") *Eddystone* was cited in the Motion, but it was notably absent from Plaintiff's Opposition.

Instead, Plaintiff seeks to rely on *Fed Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.,* 2006 U.S. Dist LEXIS 70175 at *33-34 (E.D.N.Y. Sept. 28, 2000). (Opp. at p 8). That case, however, is not on point because there each of the transferees were in fact, identified unlike the sixty-six defendants who are left to hang in the wind here. Similarly, Plaintiff's reliance on *Gindi v. Silverstein*, 1995 U.S. Dist. LEXIS (S.D.N.Y. June 8, 1995) (Opp. at p 8.) is misplaced because the identity of the transferees is disclosed. (*Id.* at *11 (paragraph 20 of the Complaint stated: "[U]pon information and belief, based on recent statements made by Bennett to [plaintiff],

8

Bennett, on advice and direction of his counsel; (a) transferred substantial assets to Marilyn and their children…").[6]

Plaintiff's Opposition establishes that when he cannot respond to an argument, the argument is ignored. For instance, with respect to the constructive fraudulent transfer conveyance claims, Plaintiff fails to respond to the arguments that there is a split in the case law on whether Rule 9(b) applies to constructive fraudulent transfers. Plaintiff also failed to directly respond to Defendants' argument that the first six claims must be dismissed because Plaintiff failed to satisfy the requirements of Section 550 of the Bankruptcy Code. The Motion also asserts that the second, third and fourth claims should be dismissed because to plead a violation of DCL §§273-275, Plaintiff must allege that the transfers were made with the absence of good faith. Plaintiff failed to address this issue.

## Unjust Enrichment Claim Must Be Dismissed

The Motion sets forth three reasons why the Plaintiff's unjust enrichment claim must be dismissed. One of the bases is that recovery on an unjust enrichment claim is unavailable when a plaintiff seeks to void a transfer because such a fact pattern satisfies the "good conscience" standard. *Pergament*

---

[6] Plaintiff also relies upon Court-Appointed Receiver for *Lancer Mgmt. Group LLC v. 169838 Canada, Inc.*, No. 5-60235-civ, 2008 U.S. Dist. LEXIS 43059 (S.D. Fla. May 30, 2008) for the proposition that Rule 8(a) does not require plaintiff to allege the transfer that each defendant received or the capacity in which they received the transfer. The case is contrary to the Southern District of New York case of *Eddystone* and was distinguished in *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec LLC)*, 458 B.R. 87, 118-119 (Bankr. S.D.N.Y. 2011). In *Madoff*, the trustee's allegation aggregated the transfer into a lump sum without specifying the number of preferences, the amount of a specific preference, or which defendant received a specific preference. The court determined that such base allegations do not provide sufficient notice for defendants to prepare an answer or affirmative defenses, finding fault with Trustee's failure to "come forth with any explanation for these minimalistic pleadings." *Id.* at 119.

9

*as Tr. Of Bankany v. Marina Dist. Dev. Co., LLC*, 2018 WL 501865, at *11 (E.D.N.Y. October 15, 2018). This argument was not addressed in the Opposition.

In its Opposition, Plaintiff incorrectly asserted that the Defendants' arguments to dismiss the unjust enrichment claim were considered and rejected in *Friedman v. Wahrsager,* 848 F. Supp. 2d 278, 294-295 (E.D.N.Y. 2012), where the District Court sustained the trustee's unjust enrichment claim as well as the trustee's fraudulent conveyance claim because the unjust enrichment claim did not involve a contract. That case, however, did not address the issue where the cause of action is merely duplicative of the other causes of action in the complaint.

In contrast, in *Holliday, as the Liquidating Trustee of the BosGen Liquidating Trust v. K Road Power Mgmt., LLC (In re Boston Generating LLC)*, 617 B.R. 442 (Bankr. S.D.N.Y. 2020), the trustee alleged wrongdoing – the same wrongdoing that underlies his intentional and constructive DCL fraudulent transfer claims. The Court determined that although the plaintiff may plead unjust enrichment in the alternative to his other claims, "the unjust enrichment claim will not survive a motion to dismiss where the plaintiff 'fail[s] to explain how [it] is not merely duplicative of [his] other causes of action.'" *Id.* at 476. In that case, the trustee's unjust enrichment claim duplicated his claims under the DCL and did not explain why the claim is not merely duplicative of the DCL claims. Thus, the *Boston Generating* Court dismissed the unjust enrichment

10

claim under Rule 12(b)(6). *Id.*

Here, the Plaintiff's unjust enrichment claim is the Seventh Claim for Relief, incorporates all other previous allegations and is three paragraphs in length without asserting any different basis for the claim than what is alleged in the fraudulent transfer claims. In fact, the allegations in this claim specifically allege the transfers were impermissible transfers so the Defendants were the ultimate beneficiaries of the transfers and would be unjustly enriched if they were to retain the transfers since the Debtor did not receive reasonably equivalent value for such transfers. Complaint at ¶91. Thus, the unjust enrichment claim is duplicative of the fraudulent transfer claims and should be dismissed.

Finally, the Opposition ignores the Defendants' motion for a more definite statement. Instead, it implicitly agrees with the MOL that the Complaint is deficient as it seeks leave to replead or amend the Complaint.

## CONCLUSION

Based on the above, all seven claims for relief should be dismissed.

Date:   February 2, 2023
        New York, New York

>                               LEECH TISHMAN ROBINSON BROG, PLLC
>                               875 Third Avenue, 9th Floor
>                               New York, New York 10022
>                               Tel. No.: 212-603-6300
>                               *Attorneys for Defendants*
>
>
>                               By: /s/ Fred B. Ringel
>                                   Fred B. Ringel
>                                   William A. Rome
>                                   Steven B. Eichel

12

4856-6753-9022, v. 5