SilvermanAcampora LLP  
Counsel to Nat Wasserstein,  
   Trustee of the WB Bridge Creditor Trust  
100 Jericho Quadrangle, Suite 300  
Jericho, New York 11753  
(516) 479-6300  
David J. Mahoney  
Brian Powers  

Hearing Date: March 23, 2023  
Time: 10:00 a.m.  

Objections Due: March 16, 2023  
Time: 4:00 p.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------------x  
In re:

WB BRIDGE HOTEL LLC and  
159 BROADWAY MEMBER LLC,

                      Debtors.

---------------------------------------------------------------------x  
NAT WASSERSTEIN, as TRUSTEE of the  
WB BRIDGE CREDITOR TRUST,

                      Plaintiff,

         -against-

11 APPLE LLC, 110 MARTENSE LLC,  
135 MIDDLETON U2L LLC,  
158 ROGERS NOTE ACQUISITION LLC,  
159 BROADWAY LLC,  
159 BROADWAY MEZZ LLC,  
206 KENT INVESTOR II LLC, 206 KENT  
INVESTOR III LLC, 206 KENT INVESTOR LLC,  
206 KENT MEZZ LLC, 251 E 61 LLC,  
255 W 34 T LLC, 428 WYTHE LLC,  
502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,  
931 CARROLL LLC, B&A MARINE CO. INC.,  
BROOKLYN AIR CONDITIONING INC.,  
CORNELL 46 LLC, CORNELL 159 LLC,  
CORNELL 245-247 LLC, CORNELL 251-247 LLC,  
CORNELL 251-253 LLC, CORNELL 251253 LLC,  
CORNELL 257 LLC, CORNELL 259 LLC,  
CORNELL 46 LLC, CORNELL BEDFORD  
HOLDINGS LLC, CORNELL BEDFORD MEMBER  
DE LLC, CORNELL CROWN LLC, CORNELL KEAP  
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,  
CORNELL MEEKER HOLDINGS LLC,  
CORNELL MESEROLE DE LLC,

Chapter 11

Case No. 20-23288 (SHL) and  
Case No. 20-23289 (SHL)  
(Jointly Administered)

Adv. Pro. No.: 22-07059 (SHL)

```
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,
CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER

                            Defendants.
-------------------------------------------------------------------x
```

### NOTICE OF MOTION TO DISQUALIFY LEECH TISHMAN ROBINSON BROG, PLLC AS COUNSEL TO CERTAIN DEFENDANTS

**PLEASE TAKE NOTICE**, that Nat Wasserstein, the trustee of the WB Bridge Creditor Trust, and the plaintiff (the "Plaintiff") in the above-referenced adversary proceeding (the "Adversary Proceeding") will move before the Honorable Sean H. Lane, United States Bankruptcy Judge, on **March 23, 2023 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order disqualifying Leech Tishman Robinson Brog, PLLC as counsel to certain defendants, and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Motion, if any, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore; and (iv) be filed with this Court electronically in accordance with General Order 559 (General Order 559 and the User's Manual for the Electronic Filing Case System can be found at http://www.nyeb.uscourts.gov, the official website for this Court), by registered users of this Court's electronic case filing system, and by all other parties in interest, on a disk, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format with

the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the Southern District of New York, located at 300 Quarropas Street, White Plains, New York, 10601, with a courtesy copy to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York, located 300 Quarropas Street, White Plains, New York, 10601, and be served upon Nat Wasserstein., as Trustee of the WB Bridge Creditor Trust, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: David J. Mahoney, Esq., so as to be received no later than **March 16, 2023 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than by announcement of such adjournment in open Court or by the filing of a notice of such adjournment on the docket sheet for the Debtor's case and/or the Adversary Proceeding.

Dated: Jericho, New York
       February 3, 2023

                                      **SILVERMANACAMPORA LLP**
                                      *Counsel to Nat Wasserstein, the Trustee of the WB Bridge Creditor Trust*

                    By:    */s/ David. J. Mahoney*
                            David J. Mahoney
                            Brian Powers
                            Member of the Firm
                            100 Jericho Quadrangle, Suite 300
                            Jericho, New York 11753
                            (516) 479-6300

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                                      Chapter 11

WB BRIDGE HOTEL LLC and                                        Case No. 20-23288 (SHL) and
159 BROADWAY MEMBER LLC,                                   Case No. 20-23289 (SHL)
                                                                                            (Jointly Administered)
                                            Debtors.
------------------------------------------------------------------x
NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                                            Plaintiff,                   Adv. Pro. No.: 22-07059 (SHL)

                    -against-

11 APPLE LLC, 110 MARTENSE LLC,
135 MIDDLETON U2L LLC,
158 ROGERS NOTE ACQUISITION LLC,
159 BROADWAY LLC,
159 BROADWAY MEZZ LLC,
206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC, 251 E 61 LLC,
255 W 34 T LLC, 428 WYTHE LLC,
502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,
931 CARROLL LLC, B&A MARINE CO. INC.,
BROOKLYN AIR CONDITIONING INC.,
CORNELL 46 LLC, CORNELL 159 LLC,
CORNELL 245-247 LLC, CORNELL 251-247 LLC,
CORNELL 251-253 LLC, CORNELL 251253 LLC,
CORNELL 257 LLC, CORNELL 259 LLC,
CORNELL 46 LLC, CORNELL BEDFORD
HOLDINGS LLC, CORNELL BEDFORD MEMBER
DE LLC, CORNELL CROWN LLC, CORNELL KEAP
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,

1

CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER,

                                    Defendants.
-------------------------------------------------------------------x

## TRUSTEE'S MOTION TO DISQUALIFY LEECH TISHMAN ROBINSON BROG, PLLC AS COUNSEL TO CERTAIN DEFENDANTS

Nat Wasserstein, the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and trustee (the "Trustee") of the WB Bridge Creditor Trust (the "Creditor Trust"), which was formed pursuant to *159 Broadway 1 LLC's First Amended Plan of Liquidation for the Debtors* (the "Plan") (ECF Doc. No. 129) and the *Order Confirming 159 Broadway 1 LLC's First Amended Chapter 11 Plan of Liquidation for the Debtor* (the "Confirmation Order") (ECF Doc. No. 160), respectfully submits this motion (the "Motion") seeking entry of an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), to disqualify the law firm of Leech Tishman Robinson Brog, PLLC ("LTRB") from representing certain defendants (collectively, the "Defendants"),[1] and respectfully sets forth as follows:

## BACKGROUND

The Debtors

1. WB Bridge Hotel LLC ("WB Bridge") was the fee owner of the real property located at 159 Broadway, Brooklyn, New York ("Property"). WB Bridge was the wholly owned

---

[1] LTRB alleges that it represents all defendants named in the Adversary Proceeding except for 159 Broadway 1 LLC, 159 Broadway Mezz LLC, B&A Marine Co., Inc., and Brooklyn Air Conditioning Inc.

2

subsidiary of 159 Broadway Member LLC ("159 Broadway" and together with WB Bridge, the "Debtors").

2.  Prior to the filing of the Debtors' petitions, WB Bridge was developing the Property into a 26-story, full-service hotel with retail space.

3.  The secured lender to the hotel project, 159 Broadway Avenue 1 LLC (the "Lender") scheduled a sale of 159 Broadway's membership interests when the Debtors failed to meet their existing financial obligations and were defaulted by the Lender.

The Bankruptcy Cases

4.  To prevent the scheduled sale of the membership interests, on December 21, 2020 ("Petition Date"), the Debtors commenced their chapter 11 bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, with Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") serving as its proposed counsel. The voluntary petitions for relief were signed by Fred Ringel, Esq., a member of Robinson Brog.

5.  On March 19, 2021, the Court entered an order authorizing the Debtors to employ Robinson Brog as their counsel effective as of the Petition Date (ECF Doc. No. 49). On June 14, 2022, the Court entered an order granting the Debtors' application to employ Leech Tishman Robinson Brog, PLLC ("LTRB"), Robinson Brog's successor in interest, as substitute bankruptcy counsel for the Debtors (ECF No. 150).[2]

6.  After the Debtors failed to develop a confirmable plan of reorganization, on May 11, 2022, the Debtors' secured lender, 159 Broadway 1 LLC, filed the Plan. On July 7, 2022, the Court entered the Confirmation Order, confirming the Plan.

---

[2] Importantly, the Court should note that pursuant to the *Debtors' Application for Authorization to Retain Counsel* (ECF Doc. No. 23), the Debtors believe that "Robinson Brog is a 'disinterested person'" and "represents no interest materially adverse to the Debtors, their estates, their creditors, or their equity holders" and that Robinson Brong "***will not, at any time, represent any other entity in connection with this case***." See ECF Doc. No. 23, ¶14.

3

7. On November 16, 2022, the Plan went effective. Under the Plan and Confirmation Order, Nat Wasserstein was appointed the Trustee of the Creditor Trust to, among other things, evaluate and prosecute such claims as were available to the Debtors, including commencing avoidance actions to avoid transfers made by the Debtors.

8. As a result of the Plan and Confirmation Order, all of the Debtors' Assets, as defined in the Plan and Confirmation Order, have been transferred to the Creditor Trust.

The Adversary Proceeding

9. On December 20, 2022, the Trustee commenced the Adversary Proceeding against numerous defendants.

10. On January 20, 2023, LTRB, purportedly on behalf of certain of the Defendants filed a motion to dismiss the Adversary Proceeding (the "Motion to Dismiss") (Adv Pro. ECF Doc. No. 6).

11. On January 25, 2023, the Trustee's counsel requested that LTRB withdraw its pending motion to dismiss the Adversary Proceeding and to withdraw as counsel to Defendants in that Adversary Proceeding due to the clear conflict of interest in LTRB representing both the Defendants and the Debtors.

12. In response to that letter, on January 30, 2023, LTRB filed the *Motion of Leech Tishman Robinson Brog, PLLC to Withdraw as Counsel to the Post-Confirmation Debtors, WB Bridge Hotel LLC and 159 Broadway Member LLC* (ECF Doc. No. 190) (the "Motion to Withdraw"), seeking to withdraw as counsel to the Debtors in order to represent the Defendants, all of which the Trustee has alleged are insiders of the Debtors, thus ignoring the inherent conflict of interest arising from its representation of the Defendants.

4

## JURISDICTION AND VENUE

13. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §1334, and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

14. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §157(b). The statutory predicates for the relief below are section 105(a) of title 11 of the United States Code ("Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), Rule 2090-1(e) of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules") and 22 NYCRR Part 1200 (Rule 1.16(c)).

15. Venue is proper before this Court pursuant to 28 U.S.C. §1408.

## BASIS FOR RELIEF

16. The Court must disqualify LTRB from representing the Defendants in the Adversary Proceeding as that attorney-client representation creates an inherent conflict of interest. Similarly, this Court should not permit LTRB to withdraw from representing the Debtors, as requested in the Motion to Withdraw, which would only serve to sanction LTRB's belief that a lawyer (rather than a client) may decide what conflicts to waive and to selectively determine which parties (and competing interests) to represent in this case at any given time.[3] As set forth in detail

---

[3] Simultaneously herewith, the Trustee has filed the *Trustee's Objection to Motion of Leech Tishman Robinson Brog, LC to Withdraw as Counsel to the Post-Confirmation Debtors, WB Bridge Hotel LLC and 159 Broadway Member LLC* (ECF Doc. No. 192) (the "Trustee's Objection"). As discussed in the Trustee's Objection, LTRB's Motion to Withdraw fails to cite adequate reasons to satisfy the requirement for "cause shown" to permit the withdrawal of counsel. *See Goldstein v. Albert (In re Albert)*, 277 B.R. 38, 46 (Bankr. S.D.N.Y. 2002) (citing *Holmes v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 513 N.Y.S.2d 415, *Kolomick v. Kolomick*, 133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dep't 1987), *Hunkins v. Lake Placid Vacation Corp.*, 120 A.D.2d 199, 508 N.Y.S.2d 335 (3d Dep't 1986), *In re Meyers*, 120 B.R. 751 (Bankr. S.D.N.Y. 1990)); *see also Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444-45 (S.D.N.Y. 2014). In addition, even if the Court permitted LTRB to withdraw as counsel to the Debtors, such withdrawal would not resolve the inherent conflict because the Adversary Proceeding is a "substantially related matter" to the Debtors' chapter 11 cases. *Kohut v. Lenaway (In re Lennys Copy Ctr. & More LLC)*, 515 B.R. 562, 566 (Bankr. E.D. Mich. 2014).

5

below, LTRB cannot overcome this conflict of interest and thus must remain counsel of record to the Debtors.

LTRB Should be Disqualified from
Representing Defendants in the Adversary Proceeding

17. Plainly, LTRB cannot represent both the Debtors and the Defendants in the Adversary Proceeding. That conflict cannot be resolved by LTRB withdrawing as counsel to the Debtors. It must be resolved by LTRB being disqualified as counsel to Hager and the rest of the Adversary Proceeding Defendants.

18. Federal courts have inherent power to disqualify attorneys to "preserve the integrity of the adversary process." *Pergament v. Ladak*, No. CV 2011-2797 (ARR)(MDG), 2013 U.S. Dist. LEXIS 102824, at *5 (E.D.N.Y. July 23, 2013) (citing *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)); *James E. Zalewski, Draftics, Ltd. v. Shelroc Homes, LLC*, No. 1:11-CV-1159 (GLS/RFT), 2012 U.S. Dist. LEXIS 11608, at *9 (N.D.N.Y. Jan. 31, 2012) ("A motion to disqualify an attorney is within the broad discretion of the court." (internal citations omitted)). "In determining disqualification motions, courts must balance two competing concerns: 'the client's right to select counsel of his choice [and] the need to maintain the integrity and high standards of the legal profession.'" *Pergament v. Ladak*, No. CV 2011-2797 (ARR)(MDG), 2013 U.S. Dist. LEXIS 102824, at *5 (citing *Nordwind v. Rowland*, 584 F.3d 420, 435 (2d Cir. 2009)). However, an "attorney's conflict is unwaivable [when] it is so serious that no rational defendant would have knowingly and intelligently desired the conflicted attorney's representation, or because...the conflict [is] so severe as to indicate *per se* that the rendering of effective assistance will be impeded." *United States v. Laraba*, No. 1:19-CR-00036 RJA (MJR), 2022 U.S. Dist. LEXIS 187788, at *18-19 (W.D.N.Y. Aug. 31, 2022) (internal citations omitted).

19. The Second Circuit has long held that a "high standard of proof" is imposed upon a party seeking to disqualify former counsel from involvement in a subsequent matter. *Streichert v. Town of Chester*, No. 19-CV-7133 (KMK), 2021 U.S. Dist. LEXIS 35468, at *11-13 (S.D.N.Y. Feb. 25, 2021) ("Because disqualification motions can often be strategically motivated, create delay and additional expense, and interrupt attorney-client relationships, the movant must satisfy a high standard of proof to disqualify the non-movant's counsel."); *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 792 (2d Cir. 1983); *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978) (requiring "high standard of proof" for disqualification motions because a client loses time, money, and the benefit of its longtime counsel's specialized knowledge of its operations when its attorney is disqualified).

20. "Disqualification is *only* appropriate where permitting the representation to continue would pose a significant risk of trial taint." *Murtaugh v. Cty. of Oswego*, No. 5:08-CV-1168 (GTS/TWD), 2012 U.S. Dist. LEXIS 206004, at *9 (N.D.N.Y. July 31, 2012) (citing *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)) (emphasis added). Provided the "high burden" is met however, "doubts should be resolved *in favor of disqualification*[.]" *In re Caldor, Inc.*, 193 B.R. 165, 178 (Bankr. S.D.N.Y. 1996) (emphasis added); *Pergament v. Ladak*, No. CV 2011-2797 (ARR)(MDG), 2013 U.S. Dist. LEXIS 102824, at *5; *In re Wingspread Corp.*, 152 B.R. 861, 863 (Bankr. S.D.N.Y. 1993); *Clark v. Bank of N.Y.*, 801 F. Supp. 1182, 1197 (S.D.N.Y. 1992); *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y. 1991); *and see Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975) ("in the disqualification situation, *any* doubt is to be resolved in favor of disqualification") (emphasis added).

<u>Counsel Must Be Disqualified From the Concurrent Representation of Insiders</u>

7

21.    Where the conflict presented is contended to be a "concurrent" representation, as is the case here, the Second Circuit deems it "*prima facie* improper for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005).

22.    As admitted in the Motion to Withdraw, LTRB is concurrently representing both the Debtors and Defendants, including the Debtors' principal, Isaac Hager ("Hager"). Because of the pending Adversary Proceeding commenced against Defendants, which seeks to avoid transfers of the Debtors' property to Defendants, the Creditor Trust and Defendants clearly have interests that are directly adverse from one another. LTRB cannot simply ignore that the Debtors and the Creditor Trust, as successor to certain interests of the Debtors as set forth in the Plan (on the one hand), are directly adverse to the Defendants (on the other hand), the client LTRB now wishes to represent. Moreover, the Debtors' attorney-client privilege was transferred to the Creditor Trust pursuant to the Plan, thus creating an untenable situation in which LTRB has an active, unwaived attorney-client privilege with both sides relating to the facts and circumstances underlying that litigation. Allowing LTRB to decide that it no longer wishes to represent the Debtors so that it can represent Hager and his co-defendants (who are plainly adverse to the interest inherited from the Debtors by the Creditor Trust) is a clear example of "trial taint" and thus any doubts must be resolved in favor of disqualification. *Bell v. Rochester Gas & Elec. Corp.*, No. 03-CV-6040L, 2004 U.S. Dist. LEXIS 14343, at *3-4 (W.D.N.Y. July 20, 2004) (citing *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Sauer v. Xerox Corp.*, 85 F. Supp. 2d 198, 199-200 (W.D.N.Y. 2000); *Felix v. Balkin,* 49 F. Supp.2d 260, 267 (S.D.N.Y. 1999); *Bulkmatic Transp. Co. v. Pappas,* 2001 U.S. Dist. LEXIS 6066, 2001 WL 504841 at *2 (S.D.N.Y. May 11, 2001).

23. Moreover, courts faced with similar situations in which counsel sought to represent a debtor simultaneously with its insiders which had adverse interests have found inherent and impermissible conflicts in such representations. *See McClarty v. Wise (In re Wise)*, Nos. 17-45621, 18-4131, 2018 Bankr. LEXIS 2617, at *2 (Bankr. E.D. Mich. Aug. 28, 2018) (holding disqualification of defendant's attorney was required because the attorney's representation of defendant was and would be directly adverse to the attorney's other client, the debtor, in the main bankruptcy case, and thus such conflict was not waivable by consent); *Kohut v. Lenaway (In re Lennys Copy Ctr. & More LLC)*, 515 B.R. 562, 566 (Bankr. E.D. Mich. 2014) (holding that withdrawal of counsel to the Debtor is not an appropriate or permissible remedy where counsel "represented the Debtor first and only later began to represent the [insiders] in this adversary proceeding, which of course was filed after the Debtor filed its Chapter 7 bankruptcy petition."); *Houghton v. Morey (In re Morey)*, 416 B.R. 364, 368 (Bankr. D. Mass. 2009) (citing *Parker v. Frazier (In re Freedom Solar Ctr., Inc.)*, 776 F.2d 14 (1st Cir. 1985) (holding that when the sole shareholder [of the bankruptcy debtor] may be the recipient of preferential transfers, adverse interests do result between the debtor and the shareholder; and [i]f the trustee does commence an action against [the debtor's shareholder] for preferential transfers, [the shareholder's] interest in protecting himself will be at odds with the debtor's interest in cooperating with the trustee); *In re Freedom Solar Ctr., Inc.*, 42 B.R. 261 (Bankr. D. Me. 1984) (disqualifying counsel seeking to represent debtor and its sole shareholder).

<u>Even if LTRB Representations were "Successive," Counsel Must Still be Disqualified</u>

24. Notwithstanding the foregoing, even if the Court determined, as the Motion to Withdraw seems to suggest, that LTRB no longer represents the Debtors or that the conflict would

9

be "successive" in nature, LTRB should still be disqualified. Where the conflict presented is "successive" in nature, a three-part test is used, and counsel is disqualified if:

    a.    The moving party is a **former client** of the adverse party's counsel;

    b.    There is a **substantial relationship between the subject matter** of the counsel's prior representation of the moving party, and the issues in the present lawsuit; and

    c.    The attorney whose disqualification is sought had **access to, or was likely to have had access to, relevant privileged information** in the course of his prior representation of the client.

*See Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, at 133.

25. "The central concern underlying disqualification based on successive representation is the possibility, however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage." *Pergament v. Ladak*, 2013 U.S. Dist. LEXIS 102824, at *6-8 (internal quotation marks omitted). In contrast, where there is a "concurrent" representation, "the burden is on the [challenged] attorney to show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *Pergament v. Ladak*, 2013 U.S. Dist. LEXIS 102824, at *10 (internal quotations omitted, underlined emphasis in original).

26. The New York State Rules of Professional Conduct (the "Rules" or individually, a "Rule") set forth, within this jurisdiction, the guiding principles against which the Second Circuit and its constituent lower courts have analyzed particular cases. *See In re Caldor, Inc.*, 193 B.R. 165, at 178 ("Courts look to the Code of Professional Responsibility in analyzing conflicts under the Bankruptcy Code"); *see also In re Allboro Waterproofing Corp.*, 224 B.R. 286, 291 (Bankr. E.D.N.Y. 1998) ("Federal bankruptcy courts sitting in New York generally apply the Code of

Professional Responsibility to ethical disputes, including disqualification motions"). Rule 1.9, entitled "Duties to Former Clients," provides, in relevant part:

    a.    A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

    b.    Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

        i.    Whose interests are material adverse to that person; and

        ii.    About whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.

    c.    A lawyer who has formerly represented a client in a matter or whose present or firmer firm has formerly represented a client in a matter shall not thereafter:

        i.    Use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or

        ii.    Reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client. 22 NYCRR §1200 [Rule 1.9]

27.    Even if the Court were to grant LTRB's Motion to Withdraw (or if the Court determined that for some reason LTRB's representation of the Debtors has already ended), LTRB still fails to satisfy the first prong of the successive representation test as the Creditor Trust (as the Debtors' successors in interest with respect to all relevant assets and privileged matters) are

adverse parties to Hager and the Defendants in the Adversary Proceeding. Additionally, LTRB cannot overcome the second prong of the successive representation test because there is a substantial relationship[4] between the Debtors' bankruptcy case and the subject matter of the Adversary Proceeding, which clearly arises from the Debtors' bankruptcy case.[5] *See* 28 U.S.C. § 157(b); *Stern v. Marshall*, 564 U.S. 462, 471, 131 S. Ct. 2594, 2602 (2011) (holding that avoidance actions are "core proceedings" arising under title 11, United States Code). Lastly, LTRB cannot in good faith argue that its access to privileged information through its representation of the Debtors does not constitute a conflict of interest with the Creditor Trust when representing Hager and the remaining Defendants, each of which is alleged in the Adversary Proceeding to be an insider of the Debtors. "The central concern underlying disqualification based on successive representation is the possibility 'however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage.'" *Pergament v. Ladak*, 2013 U.S. Dist. LEXIS 102824, at *7 (internal citations omitted).

28.    Finally, the Trustee, as the successor party in interest to the Debtors to which the attorney-client privilege still runs, has not consented to LTRB's withdrawal and the "first client's rights to loyalty takes precedence over the second client's individual preference for a particular counsel." *Kohut v. Lenaway (In re Lennys Copy Ctr. & More LLC)*, 515 B.R. 562, at 567.

---

[4] "A 'substantial relationship' exists where 'the relationship between the issues in the prior and present cases is 'patently clear'…'identical' or 'essentially the same.'" *Pergament v. Ladak*, 2013 U.S. Dist. LEXIS 102824, at *8 (internal citations omitted); *see also Employers Ins. Co. v. Munich Reinsurance America, Inc.*, 2011 U.S. Dist. LEXIS 52048, 2011 WL 1873123, at *5 (S.D.N.Y. 2011) ("In this context, 'issues' does not mean procedural issues…but factual issues on which confidential information concerning the client was likely acquired.").

[5] *Kohut v. Lenaway (In re Lennys Copy Ctr. & More LLC)*, 515 B.R. 562, at 566 (finding the adversary proceeding in the bankruptcy case was "a substantially related matter" and the defendant [insider's] interest in the adversary proceeding "are materially adverse to the interests of the Debtor," who would be the "former client").

## CONCLUSION

29. Based on the foregoing, LTRB should be disqualified from representing the Debtors in the Adversary Proceeding and should be required to remain counsel of record to the Debtors in the main bankruptcy case.

30. No previous motion for the relief requested herein has been made in this case to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order substantially in the form annexed hereto as Exhibit A, disqualifying LTRB from representing the Debtors in the Adversary Proceeding, and grant the Trustee such other, further, and different relief as this Court deems just and necessary.

Dated: Jericho, New York
February 3, 2023

**SILVERMANACAMPORA LLP**
*Counsel to Nat Wasserstein, the Trustee of the WB Bridge Creditor Trust*

By:    /s/ David J. Mahoney
David J. Mahoney
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
Telephone: (516) 479-6300

13