UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                                  Chapter 11

WB BRIDGE HOTEL LLC and                                      Case No. 20-23288 (SHL) and
159 BROADWAY MEMBER LLC,                                 Case No. 20-23289 (SHL)
                                                                                         (Jointly Administered)
                                          Debtors.
------------------------------------------------------------------x
NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,

                                          Plaintiff,               Adv. Pro. No.: 22-07059 (SHL)

                        -against-

11 APPLE LLC, 110 MARTENSE LLC,
135 MIDDLETON U2L LLC,
158 ROGERS NOTE ACQUISITION LLC,
159 BROADWAY LLC,
206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC, 251 E 61 LLC,
255 W 34 T LLC, 428 WYTHE LLC,
502 WILSON LLC, 730 LORIMER HOLDINGS II LLC,
931 CARROLL LLC, B&A MARINE CO. INC.,
BROOKLYN AIR CONDITIONING INC.,
CORNELL 46 LLC, CORNELL 159 LLC,
CORNELL 245-247 LLC, CORNELL 251-247 LLC,
CORNELL 251-253 LLC, CORNELL 251253 LLC,
CORNELL 257 LLC, CORNELL 259 LLC,
CORNELL 46 LLC, CORNELL BEDFORD
HOLDINGS LLC, CORNELL BEDFORD MEMBER
DE LLC, CORNELL CROWN LLC, CORNELL KEAP
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,
CORNELL REALTY MANAGEMENT LLC,

1

CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, HAMILTON EASTMAN MEEKER
HOLDINGS LLC, MERAL MEEKER LLC,
N1 ACQUISITION HOLDINGS LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER,

                                            Defendants.
-------------------------------------------------------------------x

## TRUSTEE'S REPLY IN FURTHER SUPPORT
## OF HIS MOTION TO DISQUALIFY LEECH TISHMAN
## ROBINSON BROG, PLLC AS COUNSEL TO CERTAIN DEFENDANTS

Nat Wasserstein, the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and trustee (the "Trustee") of the WB Bridge Creditor Trust (the "Creditor Trust"), which was formed pursuant to *159 Broadway 1 LLC's First Amended Plan of Liquidation for the Debtors* and the *Order Confirming 159 Broadway 1 LLC's First Amended Chapter 11 Plan of Liquidation for the Debtor*, respectfully submits this reply in further support of his motion (ECF Doc. No. 14) (the "Motion")[1] seeking entry of an order disqualifying the law firm of Leech Tishman Robinson Brog, PLLC ("LTRB") from representing certain defendants (collectively, the "Defendants"),[2] and in response to the objection to the Motion filed by LTRB (ECF Doc. No. 29) (the "Objection"), and respectfully sets forth as follows:

### THE OBJECTION MUST BE OVERRULED

1.       Through the Objection, LTRB seeks to justify its attempts to skirt well-established law relating to conflicts of interest in bankruptcy cases essentially by evading one inescapable fact:

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

[2] LTRB alleges that it represents all defendants named in the Adversary Proceeding except for B&A Marine Co., Inc., and Brooklyn Air Conditioning Inc.

2

LTRB represented the estate and its interests as counsel to the Debtors and now purports to represent interests directly adverse to the Debtors' successor-in-interest.

2. In support of the Objection, LTRB seeks to distinguish this case from other cases on point because the Defendants are allegedly not "insiders" of the Debtors due to their lack of direct ownership interest in the Debtors. *See* Objection, ¶33 ("[T]he defendants that Leech Tishman represent in the Adversary Proceeding are not the Debtors' equity holders as evidenced by the Debtors' Schedules and SOFAs, which the Court can take judicial notice of."). First, it is wholly irrelevant whether the Defendants are insiders of the Debtors, as the Defendants are clearly parties adverse to the Trust, the Debtors' successor-in-interest, and have interests adverse to those which LTRB was retained to represent. Notwithstanding, Defendant Hager is clearly an insider of the Debtors as their "person in control of the debtor"[3] and the remaining Defendants are entities controlled by Hager and are therefore each an "affiliate" of the Debtors.[4]

3. Hager previously declared under penalty of perjury that he (through an LLC of which he is managing member) "is aware that Robinson Brog has fiduciary duty to the Debtors and not [his LLC]. To the extent that [his LLC] may require any advice or representation regarding Debtors' bankruptcy cases, [his LLC] shall retain separate counsel." *Declaration of Isaac Hager, dated January 29, 2021,* at ¶4, Case No. 20-23288, ECF Doc. No. 23-1.

4. LTRB takes the position that it is not conflicted out of this adversary proceeding because (a) their retention by the defendants in this adversary proceeding constitutes a "successive" rather than a "concurrent" representation;[5] and (b) that the adversary proceeding and

---

[3] See Bankruptcy Code §101(31)(B)(3).

[4] See Bankruptcy Code §101(31)(E).

[5] See Objection, ¶19.

3

the bankruptcy case to which it is associated are not "substantially related."[6] LTRB is incorrect on both points.

5. First, LTRB has misrepresented the relevant chronology. LTRB first appeared in the adversary proceeding on January 20, 2023 when it filed a motion to dismiss the complaint on behalf of several defendants (ECF Doc. No. 6). It wasn't until January 30, 2023, ten days after filing the motion to dismiss and five days after receiving the Trustee's demand to withdraw as counsel to defendants in the adversary proceeding, that LTRB moved to withdraw as counsel of the Debtors. *See* Case No. 20-23288, ECF Doc. No. 190. Accordingly, despite LTRB's protestations to the contrary, it was **concurrently** representing the Debtors and the adversary proceeding defendants.

6. Second, in seeking the entry of an order authorizing the Debtor's retention of Robinson Brog, it represented to the Court that Robinson Brog was a "disinterested person" as that term is defined in the Bankruptcy Code. *See* Case No. 20-23288, ECF Doc. No. 23, at ¶14. In support of that application, Fred Ringel executed a Declaration attesting to the fact that "Robinson Brog has no connection with the Debtors (except as stated herein), their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and will not, ***at any time, represent any other entity in connection with these cases***." *See* Case No. 20-23288, ECF Doc. No. 23-2, at ¶7 (emphasis added).

7. The importance of not representing any other entities in connection with the Debtors' cases is self-apparent. Debtors' counsel is privy to information about the Debtors' pre-petition financial affairs and transactions. They were provided with that information work as

---

[6] See Objection, ¶21.

4

fiduciaries to the Debtors' estate. Even if the representations of the Debtors and the adversary proceeding defendants were successive, the successive representation is inconsistent with the representations made by Ringel to this Court and provide the adversary proceeding defendants with unchecked access to information LTRB was provided as the Debtors' attorneys.

8. Moreover, LTRB continuously ignores the fact that the Trustee, as the successor party in interest to the Debtors to which the attorney-client privilege still runs, has not waived any conflict of interest or consented to LTRB's withdrawal as counsel to the Debtors.

**WHEREFORE**, the Trustee respectfully requests that the Court overrule the Objection and enter an order disqualifying LTRB from representing the Debtors in the Adversary Proceeding, and grant the Trustee such other, further, and different relief as this Court deems just and necessary.

Dated: Jericho, New York
March 20, 2023

        **SILVERMANACAMPORA LLP**
        *Counsel to Nat Wasserstein, the Trustee of the WB Bridge Creditor Trust*

      By:  */s/ David J. Mahoney*
         David J. Mahoney
         Member of the Firm
         100 Jericho Quadrangle, Suite 300
         Jericho, NY 11753
         Telephone: (516) 479-6300