**RIMON P.C.**

Counsel to Nat Wasserstein,
  Trustee of the WB Bridge Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
David J. Mahoney
Brian Powers
Courtney M. Roman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                            Chapter 11

WB BRIDGE  HOTEL LLC and                                          Case No. 20-23288 (KYP) and
159 BROADWAY MEMBER LLC,                                          Case No. 20-23289 (KYP)
                                                                  (Jointly Administered)

                                     Debtors.

------------------------------------------------------------------x

NAT WASSERSTEIN, as TRUSTEE of the
WB BRIDGE CREDITOR TRUST,


                                     Plaintiff,                   Adv. Pro. No.: 22-07059 (KYP)


                       -against-


206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC,
CORNELL 46 LLC, CORNELL 159 LLC,
CORNELL 245-247 LLC, CORNELL 251-247 LLC,
CORNELL 251-253 LLC, CORNELL 251253 LLC,
CORNELL 257 LLC, CORNELL 259 LLC,
CORNELL 46 LLC, CORNELL BEDFORD
HOLDINGS LLC, CORNELL BEDFORD MEMBER
DE LLC, CORNELL CROWN LLC, CORNELL KEAP
HOLDINGS LLC, CORNELL KENT HOLDINGS LLC,
CORNELL MEEKER HOLDINGS LLC,
CORNELL MESEROLE DE LLC,
CORNELL MESEROLE HOLDINGS LLC, CORNELL
MYRTLE II LLC, CORNELL MYRTLE LLC,

1

CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC,
CORNELL WEST 34 II LLC, CORNELL WEST 34
OWNER LLC, and
ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER,

                              Defendants.

-------------------------------------------------------------------x

## AMENDED COMPLAINT

Nat Wasserstein (the "Trustee"), as trustee of the WB Bridge Creditor Trust (the "Creditor

Trust"), brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), to avoid and recover transfers made by debtor WB Bridge

Hotel LLC (the "Debtor") pursuant to sections 544(b), 548, and 550 of title 11 of the United States

Code (the "Bankruptcy Code") and sections 273 through 276 of the New York Debtor Creditor

Law (the "NYDCL") against  206 Kent Investor II LLC, 206 Kent Investor III LLC, 206 Kent

Investor LLC, 206 Kent Mezz LLC (together, the "Kent Defendants"), Cornell 46 LLC, Cornell

159 LLC, Cornell 245-247 LLC, Cornell 251-247 LLC, Cornell 251-253 LLC, Cornell 251253

LLC, Cornell 257 LLC, Cornell 259 LLC, Cornell 49 LLC, Cornell Bedford Holdings LLC,

Cornell Bedford Member DE LLC, Cornell Crown LLC, Cornell Keap Holdings LLC, Cornell

Kent Holdings LLC, Cornell Meeker Holdings LLC, Cornell Meserole DE LLC, Cornell Meserole

Holdings LLC, Cornell Myrtle II LLC, Cornell Myrtle LLC, Cornell Realty Management LLC,

Cornell Scholes Holdings LLC, Cornell West 34 II LLC, Cornell West 34 Owner LLC

(collectively, the "Cornell Defendants," and together with the Kent Defendants, the "Entity

Defendants"), and Isaac Hager a/k/a Issac Hager a/k/a Yitzcher Hager a/k/a Yitzchok Hager a/k/a

Yitzchok R. Hager ("Hager") and alleges as follows:

## NATURE OF THE ADVERSARY PROCEEDING

1.      This adversary proceeding is brought to avoid certain pre-petition transfers of the Debtor's interest in property to or for the benefit of Defendants, and to recover all sums paid to or for the benefit of Defendants under Bankruptcy Code §§544(b), 548, and 550 and NYDCL §§273-276.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this adversary proceeding under 28 U.S.C. Section 1334.

3.      Venue of this case and this adversary proceeding is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4.      This adversary proceeding is a core proceeding as defined in 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(E), and 157(b)(2)(O).

5.      The statutory predicates for the relief sought herein are 11 U.S.C. §§105(A), 548 and 550 and NYDCL §§273-276.

## THE PARTIES

6.      Plaintiff Nat Wasserstein, a citizen of New York, is the Trustee for the Creditor Trust. The Creditor Trust was formed pursuant to the Plan and the Confirmation Order.

7.      Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Investor II LLC, was and is a limited liability company with its headquarters located at 275 Huntington Street, Brooklyn, New York 11231.

8.      Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Investor III LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

9.      Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Investor LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

10.      Upon information and belief, and at all relevant times mentioned herein, Defendant, 206 Kent Mezz LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

11.      Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 46 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

12.      Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 159 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

13.      Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 245-247 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

14.      Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 251-247 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

15.      Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 251-253 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

16.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 251253 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

17.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 257 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

18.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 259 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

19.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell 46 LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

20.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Bedford Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

21.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Bedford Member DE LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

22.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Crown LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

23.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Keap Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

24.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Kent Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

25.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Meeker Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

26.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Meserole DE LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

27.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Meserole Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

28.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Myrtle II LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

29.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Myrtle LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

30.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Realty Management LLC, was and is a limited liability company with its headquarters located at 209 Wallabout Street, 3rd Floor, Brooklyn, New York 11206.

31.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell Scholes Holdings LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

32.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell West 34 II LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

33.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Cornell West 34 Owner LLC, was and is a limited liability company with its headquarters located at 75 Huntington Street, Brooklyn, New York 11231.

34.     Upon information and belief, and at all relevant times mentioned herein, Defendant, Hager, is a person with a residence located at 209 Wallabout Street, Apartment 3FL, Brooklyn, New York 11206.

**FACTS**

The Bankruptcy Case

35.     On December 21, 2020 (the "Filing Date"), 159 Broadway Member LLC ("159 Broadway") and its wholly owned subsidiary, the Debtor, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (the "Court")

36.     On May 11, 2022, the First Amended Plan of Liquidation for Debtors (the "Plan") was filed on behalf of the Debtors.

37.     On July 7, 2022, the Court entered an order confirming the Plan (the "Confirmation Order").

38.     On November 16, 2022, the Plan became effective.

39.     Pursuant to the Plan and the Confirmation Order, the Creditor Trust was established and Nat Wasserstein, by and through Lindenwood Associates, LLC, was designated the Trustee of the Creditor Trust.

40.     Pursuant to the Plan and the Confirmation Order, certain assets of the Debtor's estate, including the claims asserted herein, were transferred to the Creditor Trust and the Creditor Trust is authorized to prosecute the instant action.

The Debtor

41.     The Debtor was the fee owner of the real property known as and located at 159 Broadway, Brooklyn, New York (the "Property"). Prior to the Filing Date, the Debtor was in the process of developing the Property into a 26-story full-service hotel with retail space, and the Debtor estimated that construction was fifteen percent complete as of the Filing Date.

42.     At the onset of the COVID-19 pandemic, the Debtor and 159 Broadway were unable to consensually restructure their existing financial obligations.  Accordingly, 159 Broadway's secured lender scheduled a sale of 159 Broadway's membership interests in the Debtor pursuant to Article 9 of the Uniform Commercial Code.  The Debtor commenced this chapter 11 case prior to such sale.

The Defendants' Insider Relationship with the Debtor

43.     Upon information and belief, Defendant Hager, either directly or through entities which he owns and/or controls, is the beneficial owner of the majority of membership interests or shares, as applicable, of each of the Entity Defendants, as well as 159 Broadway and the Debtor.

44.     Upon information and belief, at all relevant times Defendant Hager, either directly or through entities which he owns and/or controls, exercised dominion and control over each of the Entity Defendants, as well as 159 Broadway and the Debtor.

45.     Upon information and belief, the Entity Defendants do not recognize customary corporate formalities.

46.     Upon information and belief, Hager transfers money between the Entity Defendants without regard for the corporate identity of each.

47.     Upon information and belief, Hager utilized the Entity Defendants to fleece the Debtor of its remaining capital to the unjust benefit of the Entity Defendants and himself, and to the detriment of the Debtor's legitimate creditors.

48.     Upon information and belief, at all relevant times each of the Entity Defendants, including those with different service addresses on file with the New York State Department of State, as well as 159 Broadway and the Debtor, were all operated out of the same principal place of business at 75 Huntington Street, Brooklyn, New York 11231.

49.     Upon information and belief, at all relevant times each of the Entity Defendants shared employees and/or employees of each Entity Defendant performed uncompensated services for other Entity Defendants, 159 Broadway, and the Debtor.

50.     Upon information and belief, Hager caused the Debtor to make transfers of its interest in property to other entities owned and/or controlled by him, without causing those entities to return fair consideration or reasonably equivalent value to the Debtor.

The Transfers

51.     Upon information and belief, Hager caused the Debtor to make those transfers of its interest in property listed on the attached Schedule A (the "Cornell Transfers") to bank accounts

identified in the Debtor's books and records as being owned by Cornell Realty LLC, with account numbers ending 0290 ("Cornell Account 0290"), 2276 ("Cornell Account 2276"), and 3971 ("Cornell Account 3971," and together with Cornell Account 0290 and Cornell Account 2276, the "Cornell Accounts" and each a "Cornell Account").

52.     Upon information and belief, the Cornell Accounts were used by Hager as an account for all of the Cornell Defendants without regard to each Cornell Defendant's corporate identity.

53.     Because of Hager's common ownership and control over the Cornell Defendants without regard for corporate formalities or distinction between the Cornell Defendants, each of the Cornell Defendants enjoyed a beneficial and equitable interest in each Cornell Account.

54.     Upon information and belief, Hager caused the Debtor to make those transfers of its interest in property listed on the attached Schedule B (the "Cornell FBO Kent Transfers") to Cornell Account 0290 and Cornell Account 3971, with a notation in the Debtor's books and records indicating that each of the Cornell FBO Kent Transfers was being made to Cornell Account 0290 and Cornell Account 3971 for the benefit of one or more of the Kent Defendants.

55.     Upon information and belief, as the owner and controller of each of the Entity Defendants and in light of Hager's complete disregard for corporate formalities and/or distinction between the Entity Defendants, Hager was an intended beneficiary of each of the Transfers.

56.     The Debtor's books and records available to the Trustee do not reflect the receipt of goods and/or services constituting fair consideration or reasonably equivalent value for any of the Transfers.

57.     The Debtor was either insolvent at the times each of the Transfers were made or was rendered insolvent as a result of the Transfers.

58.     At the times the Transfers were made, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Filing Date.

### First Claim for Relief Against Cornell Defendants
(incorporating all previous allegations)

59.     The Cornell Defendants were the initial transferees of the Cornell Transfers and the Cornell FBO Kent Transfers.

60.     The Cornell Transfers and the Cornell FBO Kent Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

61.     The Cornell Transfers and the Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

62.     Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers, pursuant to New York State Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from the Cornell Defendants an amount as yet undetermined but which is equal to any and all sums transferred by the Debtor: (a) to the Cornell Accounts as reflected on Schedules A and B, which amount is, in no event, less than $2,965,650, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

### Second Claim for Relief Against Cornell Defendants
(incorporating all previous allegations)

63.     Cornell Transfers and the Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

64.     By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers, pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from the Cornell Defendants an amount as yet undetermined but which is equal to any and

all sums transferred by the Debtor: (a) to the Cornell Accounts as reflected on Schedules A and B; which amount is, in no event, less than $2,965,650, plus interest thereon.

## Third Claim for Relief Against Cornell Defendants
(incorporating all previous allegations)

65.     Upon information and belief, at the time of the Cornell Transfers and the Cornell FBO Kent Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

66.     The Cornell Transfers and the Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

67.     By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers, pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from the Cornell Defendants an amount as yet undetermined but which is equal to any and all sums transferred by the Debtor: (a) to the Cornell Accounts as reflected on Schedules A and B, which amount is, in no event, less than $2,965,650, plus interest thereon.

## Fourth Claim For Relief Against Cornell Defendants
(incorporating all previous allegations)

68.     Upon information and belief, at the time of the Cornell Transfers and the Cornell FBO Kent Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

69.     The Cornell Transfers and the Cornell FBO Kent Transfers, constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

70.     By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers, pursuant to

New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from the Cornell Defendants an amount as yet undetermined but which is equal to any and all sums transferred by the Debtor: (a) to the Cornell Accounts as reflected on Schedules A and B, which amount is, in no event, less than $2,965,650, plus interest thereon.

### Fifth Claim For Relief Against Cornell Defendants
(incorporating all previous allegations)

71.     Certain of the Cornell Transfers and the Cornell FBO Kent Transfers were on or after December 21, 2018, and within two (2) years of the Filing Date (the "Two-Year Cornell Transfers").

72.     The Two-Year Cornell Transfers were made to or for the benefit of the Cornell Defendants with actual intent to hinder, delay or defraud the Debtor's creditors under §548(a)(1)(A) of the Bankruptcy Code.

73.     The Two-Year Cornell Transfers constitute avoidable transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code.  Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Cornell Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, may recover from the Cornell Defendants an amount as yet undetermined but which is equal to any and all sums transferred by the Debtor on or after December 21, 2018: (a) to the Cornell Accounts as reflected on Schedules A and B, which amount is, in no event, less than $2,653,040, plus interest thereon.

### Sixth Claim For Relief Against Cornell Defendants
(incorporating all previous allegations)

74.     The Debtor received less than reasonably equivalent value in exchange for the Two-Year Cornell Transfers under §548(a)(1)(B) of the Bankruptcy Code.

75.     Upon information and belief, the Debtor (i) was insolvent on the dates that the Two-Year Cornell Transfers were made or became insolvent as a result of the Two-Year Cornell

Transfers, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

76.     The Two-Year Cornell Transfers constitute avoidable transfers pursuant to §548 (a)(1)(B) of the Bankruptcy Code.  Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Cornell Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, may recover from the Cornell Defendants an amount as yet undetermined but which is equal to any and all sums transferred by the Debtor on or after December 21, 2018: (a) to the Cornell Accounts as reflected on Schedules A and B, which amount is, in no event, less than $2,653,040, plus interest thereon.

### Seventh Claim For Relief Against Cornell Defendants
(incorporating all previous allegations)

77.     The Cornell Transfers and the Cornell FBO Kent Transfers were impermissible transfers of the Debtor's interest in property.  As a result, Cornell Defendants were the ultimate beneficiaries of the Cornell Transfers and the Cornell FBO Kent Transfers under circumstances in which the Cornell Defendants would be unjustly enriched if they were to retain such transfers since the Debtor's did not receive reasonably equivalent value in exchange therefor.

78.     As a result, Cornell Defendants have been unjustly enriched and may not in equity and good conscience retain the Cornell Transfers and the Cornell FBO Kent Transfers.

79.     By reason of the foregoing, Cornell Defendants are liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but which is equal to any and all sums transferred by the Debtor: (a) to the Cornell Accounts as reflected on Schedules A and B, which amount is, in no event, less than $2,965,650, plus interest thereon.

### Eight Claim For Relief Against Kent Defendants
(incorporation all previous allegations)

80.     The Kent Defendants were the parties for whose benefit the Cornell FBO Kent Transfers were made.

81.     The Cornell FBO Kent Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

82.     The Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

83.     Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding Cornell FBO Kent Transfers pursuant to New York State Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Kent Defendants an amount as yet undetermined but which is not less than the aggregate value of the Cornell FBO Kent Transfers listed on Schedule B, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

### Ninth Claim For Relief Against Kent Defendants
(incorporating all previous allegations)

84.     The Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

85.     By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Kent Defendants an amount as yet undetermined but which is not less than the aggregate value of the Cornell FBO Kent Transfers listed on Schedule B, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

### Tenth Claim For Relief Against Kent Defendants
(incorporating all previous allegations)

86. Upon information and belief, at the time of the Cornell FBO Kent Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

87. The Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

88. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Kent Defendants an amount as yet undetermined but which is not less than the aggregate value of the Cornell FBO Kent Transfers listed on Schedule B, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

### Eleventh Claim For Relief Against Kent Defendants
(incorporating all previous allegations)

89. Upon information and belief, at the time of the Cornell FBO Kent Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

90. The Cornell FBO Kent Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

91. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Kent Defendants an amount as yet undetermined but which is not less than the aggregate value of the

Cornell FBO Kent Transfers listed on Schedule B, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

## Twelfth Claim For Relief Against Kent Defendants
(incorporating all previous allegations)

92. The Cornell FBO Kent Transfers were impermissible transfers of the Debtor's interest in property. As a result, Kent Defendants were the ultimate beneficiaries of the Cornell FBO Kent Transfers under circumstances in which Kent Defendants would be unjustly enriched if they were to retain such transfers since the Debtor did not receive reasonably equivalent value in exchange therefor.

93. As a result, Kent Defendants have been unjustly enriched and may not in equity and good conscience retain the Cornell FBO Kent Transfers.

94. By reason of the foregoing, Kent Defendants are liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but which is not less than the aggregate value of the Cornell FBO Kent Transfers listed on Schedule B, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A..

## Thirteenth Claim For Relief Against Hager
(incorporating all previous allegations)

95. Upon information and belief, as the owner and controller of each of the Entity Defendants and in light of Hager's complete disregard for corporate formalities and/or distinction between the Entity Defendants, to the detriment of the Debtor and its legitimate creditors, Hager was an intended beneficiary of each of the Transfers

96. The Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

97.     The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

98.     Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding the Transfers pursuant to New York State Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers, which amount is, in no event, less than $2,965,650, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

### Fourteenth Claim For Relief Against Hager
(incorporating all previous allegations)

99.     The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

100.    By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding The Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers, which amount is, in no event, less than $2,965,650, plus interest thereon.

### Fifteenth Claim For Relief Against Hager
(incorporating all previous allegations)

101.    Upon information and belief, at the time of the Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

102.    The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

103. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers, which amount is, in no event, less than $2,965,650, plus interest thereon.

### Sixteenth Claim For Relief Against Hager
(incorporating all previous allegations)

104. Upon information and belief, at the time of the Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

105. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

106. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers, which amount is, in no event, less than $2,965,650, plus interest thereon.

### Seventeenth Claim For Relief Against Hager
(incorporating all previous allegations)

107. Certain of the Transfers were made on or after December 21, 2018, within two (2) years of the Filing Date (the "Two-Year Transfers").

108. The Two-Year Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors under §548(a)(1)(A) of the Bankruptcy Code.

109.     The Two-Year Transfers constitute avoidable transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code.  Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers made on or after December 21, 2018, which amount is, in no event, less than $2,653,040, plus interest thereon.

### Eighteenth Claim For Relief Against Hager
(incorporating all previous allegations)

110.     The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers under §548(a)(1)(B) of the Bankruptcy Code.

111.     Upon information and belief, the Debtor (i) was insolvent on the dates that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

112.     The Two-Year Transfers constitute avoidable transfers pursuant to §548 (a)(1)(B) of the Bankruptcy Code.  Based upon the foregoing, the Trustee is entitled to a judgment (a) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers made on or after December 21, 2018, which amount is, in no event, less than $2,653,040, plus interest thereon.

### Nineteenth Claim For Relief Against Hager
(incorporating all previous allegations)

113.    The Transfers to Hager were impermissible transfers of the Debtor's interest in property.  As a result, Hager was the ultimate beneficiary of the Transfers under circumstances in which Hager would be unjustly enriched if he were to retain such Transfers since the Debtor's did not receive reasonably equivalent value for such Transfers.

114.    As a result, Hager has been unjustly enriched and may not in equity and good conscience retain the Transfers.

115.    By reason of the foregoing, Hager is liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but which is equal to any and may recover from Hager an amount as yet undetermined but which is equal to the value of the Transfers, which amount is, in no event, less than $2,965,650, plus interest thereon.

**WHEREFORE**, plaintiff Nat Wasserstein, as trustee of the WB Bridge Creditor Trust, demands judgment against Defendants:

(a)     against Cornell Defendants on his first claim for relief (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650, from Cornell Defendants plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a;

(b)     against Cornell Defendants on his second claim for relief (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650, from Cornell Defendants plus appropriate interest thereon;

(c)     against Cornell Defendants on his third claim for relief (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650, from Cornell Defendants plus appropriate interest thereon;

(d)     against Cornell Defendants on his fourth claim for relief (a) avoiding the Cornell Transfers and the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor

Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650, from Cornell Defendants plus appropriate interest thereon;

(e)      against Cornell Defendants on his fifth claim for relief (a) avoiding the Two-Year Cornell Transfers pursuant to 11 U.S.C. §548(a)(1)(A), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,653,040, from Cornell Defendants plus appropriate interest thereon;

(f)      against Cornell Defendants on his sixth claim for relief (a) avoiding the Two-Year Cornell Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,653,040, from Cornell Defendants plus appropriate interest thereon;

(g)      against Cornell Defendants on his seventh claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $2,965,650, from Cornell Defendants plus appropriate interest thereon;

(h)      against Kent Defendants on his eighth claim for relief (a) avoiding the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $103,100 from Kent Defendants plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a;

(i)      against Kent Defendants on his ninth claim for relief (a) avoiding the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $103,100 from Kent Defendants plus appropriate interest thereon;

(j)      against Kent Defendants on his tenth claim for relief (a) avoiding the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $103,100 from Kent Defendants plus appropriate interest thereon;

(k)      against Kent Defendants on his eleventh claim for relief (a) avoiding the Cornell FBO Kent Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $103,100 from Kent Defendants plus appropriate interest thereon;

(l)      against Kent Defendants on his twelfth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $103,100 from Kent Defendants plus appropriate interest thereon;

(m)     against Hager on his thirteenth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650 from Hager plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a;

(n)     against Hager on his fourteenth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650 from Hager plus appropriate interest thereon;

(o)     against Hager on his fifteenth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650 from Hager plus appropriate interest thereon;

(p)     against Hager on his sixteenth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,965,650, from Hager plus appropriate interest thereon;

(q)     against Hager on his seventeenth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(A), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,653,040, from Hager plus appropriate interest thereon;

(r)     against Hager on his eighteenth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $2,653,040, from Hager plus appropriate interest thereon;

(s)     against Hager on his nineteenth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $2,965,650 from Hager plus appropriate interest thereon;

(t)     for such other, further and different relief as the Court deems proper.

Dated:  October 25, 2024

**RIMON P.C.**
*Counsel to Nat Wasserstein, the Trustee of the WB Bridge Creditor Trust*


By:     ___/s/ David J. Mahoney_____
        David J. Mahoney
        Brian Powers
        Members of the Firm
        100 Jericho Quadrangle, Suite 300
        Jericho, NY 11753
        Telephone: (516) 479-6300

Schedule "A"
The Cornell Transfers

| Date of Payment: | Amount: | Recipient Identified in Debtor's Books and Records |
|---|---|---|
| 12/26/2017 | $15,000.00 | Cornell Realty; Account No 0290 |
| 12/27/2017 | $15,000.00 | Cornell Realty; Account No 0290 |
| 1/5/2018 | $50,000.00 | Cornell Realty; Account No 0290 |
| 1/9/2018 | $15,000.00 | Cornell Realty; Account No 0290 |
| 1/23/2018 | $1,500.00 | Cornell Realty; Account No 0290 |
| 2/1/2018 | $25,000.00 | Cornell Realty; Account No 0290 |
| 2/8/2018 | $10,000.00 | Cornell Realty; Account No 0290 |
| 10/1/2018 | $20,000.00 | Cornell Realty; Account No 2276 |
| 10/4/2018 | $25,000.00 | Cornell Realty; Account No 0290 |
| 10/15/2018 | $20,000.00 | Cornell Realty; Account No 0290 |
| 10/30/2018 | $3,000.00 | Cornell Realty; Account No 0290 |
| 12/6/2018 | $10,000.00 | Cornell Realty; Account No 0290 |
| 1/11/2019 | $35,000.00 | Cornell Realty; Account No 0290 |
| 1/14/2019 | $7,000.00 | Cornell Realty; Account No 3971 |
| 1/16/2019 | $12,000.00 | Cornell Realty; Account No 0290 |
| 1/23/2019 | $1,800.00 | Cornell Realty; Account No 0290 |
| 2/11/2019 | $1,200.00 | Cornell Realty; Account No 3971 |
| 4/3/2019 | $2,000.00 | Cornell Realty; Account No 0290 |
| 4/4/2019 | $150.00 | Cornell Realty; Account No 0290 |
| 4/9/2019 | $650,000.00 | Cornell Realty; Account No 0290 |
| 4/10/2019 | $2,000.00 | Cornell Realty; Account No 0290 |
| 8/26/2019 | $200,000.00 | Cornell Realty; Account No 0290 |
| 8/27/2019 | $100,000.00 | Cornell Realty; Account No 0290 |
| 10/7/2019 | $800.00 | Cornell Realty; Account No 0290 |
| 11/4/2019 | $300,000.00 | Cornell Realty; Account No 3971 |
| 11/4/2019 | $500,000.00 | Cornell Realty; Account No 0290 |
| 11/4/2019 | $300,000.00 | Cornell Realty; Account No 0290 |
| 11/4/2019 | $500,000.00 | Cornell Realty; Account No 0290 |
| 11/7/2019 | $3,000.00 | Cornell Realty; Account No 3971 |
| 11/7/2019 | $30,000.00 | Cornell Realty; Account No 0290 |
| 3/26/2020 | $4,300.00 | Cornell Realty; Account No 0290 |
| 4/7/2020 | $600.00 | Cornell Realty; Account No 0290 |
| 4/23/2020 | $2,500.00 | Cornell Realty; Account No 0290 |
| 9/2/2020 | $700.00 | Cornell Realty; Account No 0290 |
| **TOTAL** | **$2,862,550** | |

Schedule "B"
The Cornell FBO Kent Transfers

| Date of Payment: | Amount: | Recipient Identified in Debtor's Books and Records |
|---|---|---|
| 12/26/2017 | $48,000.00 | Cornell Realty; Account No. 3971; Memo indicating transfer made for the benefit of Kent |
| 2/13/2018 | $14,000.00 | Cornell Realty; Account No. 3971; Memo indicating transfer made for the benefit of Kent |
| 3/27/2018 | $20,000.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| 4/12/2018 | $10,000.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| 5/11/2018 | $800.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| 6/28/2018 | $2,000.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| 7/3/2018 | $500.00 | Cornell Realty; Account No. 3971; Memo indicating transfer made for the benefit of Kent |
| 8/1/2018 | $3,500.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| 8/15/2018 | $4,100.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| 8/17/2018 | $200.00 | Cornell Realty; Account No 0290; Memo indicating transfer made for the benefit of Kent |
| **TOTAL** | **$103,100** | |