**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Defendants*
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
Scott A. Steinberg, Esq.
Kimberly A. Ahrens, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

In Re:

WB BRIDGE HOTEL LLC and                           Chapter 11
159 BROADWAY MEMBER LLC,                           Case No. 20-23288 (KYP) and
                                                   Case No. 20-23289 (KYP)
     Debtors.              (Jointly Administered)

--------------------------------------------------------------------x

NAT WASSERSTEIN, as TRUSTEE of the                Adv. Pro. No. 22-07059 (KYP)
WB BRIDGE CREDITOR TRUST,

     Plaintiff,

   -against-

206 KENT INVESTOR II LLC, 206 KENT
INVESTOR III LLC, 206 KENT INVESTOR LLC,
206 KENT MEZZ LLC, CORNELL 46 LLC,
CORNELL 159 LLC, CORNELL 245-247 LLC,
CORNELL 251-247 LLC, CORNELL 251-253 LLC,
CORNELL 251253 LLC, CORNELL 257 LLC,
CORNELL 259 LLC, CORNELL 46 LLC, CORNELL
BEDFORD HOLDINGS LLC, CORNELL BEDFORD
MEMBER DE LLC, CORNELL CROWN LLC, CORNELL
KEAP HOLDINGS LLC, CORNELL KENT HOLDINGS
LLC, CORNELL MEEKER HOLDINGS LLC, CORNELL
MESEROLE DE LLC, CORNELL MESEROLE HOLDINGS
LLC, CORNELL MYRTLE II LLC, CORNELL MYRTLE
LLC, CORNELL REALTY MANAGEMENT LLC,
CORNELL SCHOLES HOLDINGS LLC, CORNELL
WEST 34 II LLC, CORNELL WEST 34 OWNER LLC,
and ISAAC HAGER a/k/a ISSAC HAGER a/k/a
YITZCHER HAGER a/k/a YITZCHOK HAGER
a/k/a YITZCHOK R. HAGER,

     Defendants.

--------------------------------------------------------------------x

## ANSWER TO AMENDED COMPLAINT

Defendants 206 KENT INVESTOR II LLC, 206 KENT INVESTOR III LLC, 206 KENT INVESTOR LLC, 206 KENT MEZZ LLC, CORNELL 46 LLC, CORNELL 159 LLC, CORNELL 245-247 LLC, CORNELL 251-247 LLC, CORNELL 251-253 LLC, CORNELL 251253 LLC, CORNELL 257 LLC, CORNELL 259 LLC, CORNELL 46 LLC, CORNELL BEDFORD HOLDINGS LLC, CORNELL BEDFORD MEMBER DE LLC, CORNELL CROWN LLC, CORNELL KEAP HOLDINGS LLC, CORNELL KENT HOLDINGS LLC, CORNELL MEEKER HOLDINGS LLC, CORNELL MESEROLE DE LLC, CORNELL MESEROLE HOLDINGS LLC, CORNELL MYRTLE II LLC, CORNELL MYRTLE LLC, CORNELL REALTY MANAGEMENT LLC, CORNELL SCHOLES HOLDINGS LLC, CORNELL WEST 34 II LLC, CORNELL WEST 34 OWNER LLC, and ISAAC HAGER a/k/a ISSAC HAGER a/k/a YITZCHER HAGER a/k/a YITZCHOK HAGER a/k/a YITZCHOK R. HAGER (collectively, "Defendants"), by their attorneys Meltzer, Lippe, Goldstein and Breitstone, LLP, hereby answer Plaintiff NAT WASSERSTEIN, as TRUSTEE of the WB BRIDGE CREDITOR TRUST's ("Plaintiff") Amended Complaint dated October 25, 2024 (the "Complaint") as follows:

### NATURE OF THE ADVERSARY PROCEEDING

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

4921-4446-6027, v. 2

3.     The allegations contained in paragraph 3 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

4.     The allegations contained in paragraph 4 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

5.     The allegations contained in paragraph 5 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## THE PARTIES

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Admit the allegations contained in paragraph 7 of the Complaint.

8.     Admit the allegations contained in paragraph 8 of the Complaint.

9.     Admit the allegations contained in paragraph 9 of the Complaint.

10.     Admit the allegations contained in paragraph 10 of the Complaint.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Admit the allegations contained in paragraph 12 of the Complaint.

13.     Admit the allegations contained in paragraph 13 of the Complaint.

14.     Admit the allegations contained in paragraph 14 of the Complaint.

15.     Admit the allegations contained in paragraph 15 of the Complaint.

16.     Admit the allegations contained in paragraph 16 of the Complaint.

17.     Admit the allegations contained in paragraph 17 of the Complaint.

18.     Admit the allegations contained in paragraph 18 of the Complaint.

4921-4446-6027, v. 2

19. Admit the allegations contained in paragraph 19 of the Complaint.

20. Admit the allegations contained in paragraph 20 of the Complaint.

21. Admit the allegations contained in paragraph 21 of the Complaint.

22. Admit the allegations contained in paragraph 22 of the Complaint.

23. Admit the allegations contained in paragraph 23 of the Complaint.

24. Admit the allegations contained in paragraph 24 of the Complaint.

25. Admit the allegations contained in paragraph 25 of the Complaint.

26. Admit the allegations contained in paragraph 26 of the Complaint.

27. Admit the allegations contained in paragraph 27 of the Complaint.

28. Admit the allegations contained in paragraph 28 of the Complaint.

29. Admit the allegations contained in paragraph 29 of the Complaint.

30. Admit the allegations contained in paragraph 30 of the Complaint.

31. Admit the allegations contained in paragraph 31 of the Complaint.

32. Admit the allegations contained in paragraph 32 of the Complaint.

33. Admit the allegations contained in paragraph 33 of the Complaint.

34. Admit the allegations contained in paragraph 34 of the Complaint.

## <u>FACTS</u>

<u>The Bankruptcy Case</u>

35. Admit the allegations contained in paragraph 35 of the Complaint.

36. Admit the allegations contained in paragraph 36 of the Complaint.

37. Admit the allegations contained in paragraph 37 of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

4921-4446-6027, v. 2

39. Admit the allegations contained in paragraph 39 of the Complaint.

40. The conclusions contained in paragraph 40 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, deny knowledge and information sufficient to form a belief as to the truth of the allegations.

The Debtor

41. Admit the allegations contained in paragraph 41 of the Complaint.

42. Admit the allegations contained in paragraph 42 of the Complaint.

The Defendants' Insider Relationship with the Debtor[1]

43. Deny the characterization of the allegations contained in paragraph 43 of the Complaint, except admit that Defendant Hager has ownership interest in the Entity Defendants, 159 Broadway, and the Debtor.

44. Deny the characterization of the allegations contained in paragraph 44 of the Complaint, except admit that Defendant Hager has ownership interest in the Entity Defendants, 159 Broadway, and the Debtor.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

The Transfers

51. Deny the allegations contained in paragraph 51 of the Complaint, deny the characterizations of the allegations, deny the description on the attached Schedule A of the

---

[1] Deny the characterization of allegations contained in this heading.

"Recipient Identified in Debtor's Books and Records" as inaccurate, and respectfully refer the Court to the Debtor's books and records for a complete and accurate recitation of the contents thereof.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint, deny the characterizations of the allegations, deny the description on the attached Schedule B of the "Recipient Identified in Debtor's Books and Records" as inaccurate, and respectfully refer the Court to the Debtor's books and records for a complete and accurate recitation of the contents thereof.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, deny the characterizations of the allegations, and state that the documents referred to therein speak for themselves.

57.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.     Admit the allegations contained in paragraph 58 of the Complaint.

### First Claim for Relief Against Cornell Defendants
(incorporating all previous allegations)

59.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 1 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 59 of the Complaint is required.

4921-4446-6027, v. 2

60.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 1 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 60 of the Complaint is required.

61.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 1 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 61 of the Complaint is required.

62.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 1 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 62 of the Complaint is required.

<u>**Second Claim for Relief Against Cornell Defendants**</u>
(incorporating all previous allegations)

63.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 2 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee.  To the extent the allegations contained in paragraph 63 of the Complaint relate to alleged transfers from Cornell Realty Management LLC,

the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

64. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 2 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 64 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

**Third Claim for Relief Against Cornell Defendants**
(incorporating all previous allegations)

65. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 3 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 5 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

66. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 3 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from

4921-4446-6027, v. 2

Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 66 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

67.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 3 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 67 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

### Fourth Claim for Relief Against Cornell Defendants
(incorporating all previous allegations)

68.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 4 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 68 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

69.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part

and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 4 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 69 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

70. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 4 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 70 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

<u>**Fifth Claim for Relief Against Cornell Defendants**</u>
(incorporating all previous allegations)

71. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 5 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 71 of the Complaint is required.

72. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 5 of the

4921-4446-6027, v. 2

Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 72 of the Complaint is required.

73. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 5 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 73 of the Complaint is required.

## Sixth Claim for Relief Against Cornell Defendants
(incorporating all previous allegations)

74. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 6 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 74 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

75. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 6 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 75 of the Complaint relate to alleged transfers from Cornell Realty Management LLC,

4921-4446-6027, v. 2

the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

76. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 6 of the Complaint is dismissed except to the extent such claims seek to avoid and recover transfers from Cornell Realty Management LLC as initial transferee. To the extent the allegations contained in paragraph 76 of the Complaint relate to alleged transfers from Cornell Realty Management LLC, the allegations contain conclusions of law to which no response is required. To the extent a response is required, deny.

<u>**Seventh Claim for Relief Against Cornell Defendants**</u>
(incorporating all previous allegations)

77. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 7 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 77 of the Complaint is required.

78. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 7 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 78 of the Complaint is required.

79. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part

4921-4446-6027, v. 2

and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 7 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 79 of the Complaint is required.

**Eighth Claim for Relief Against Kent Defendants**
(incorporating all previous allegations)

80.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 8 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 80 of the Complaint is required.

81.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 8 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 81 of the Complaint is required.

82.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 8 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 82 of the Complaint is required.

83.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 8 of the

4921-4446-6027, v. 2

Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 83 of the Complaint is required.

### Ninth Claim for Relief Against Kent Defendants
(incorporating all previous allegations)

84.     The allegations contained in paragraph 84 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

85.     The allegations contained in paragraph 85 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

### Tenth Claim for Relief Against Kent Defendants
(incorporating all previous allegations)

86.     The allegations contained in paragraph 86 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

87.     The allegations contained in paragraph 87 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

88.     The allegations contained in paragraph 88 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

### Eleventh Claim for Relief Against Kent Defendants
(incorporating all previous allegations)

89.     Deny the allegations contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

91.     The allegations contained in paragraph 91 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, deny.

### Twelfth Claim for Relief Against Kent Defendants
(incorporating all previous allegations)

4921-4446-6027, v. 2

92.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 12 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 92 of the Complaint is required.

93.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 12 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 93 of the Complaint is required.

94.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 12 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 94 of the Complaint is required.

### Thirteenth Claim for Relief Against Hager
(incorporating all previous allegations)

95.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 13 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 95 of the Complaint is required.

96.     Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part

4921-4446-6027, v. 2

and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 13 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 96 of the Complaint is required.

97. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 13 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 97 of the Complaint is required.

98. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 13 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 98 of the Complaint is required.

### Fourteenth Claim for Relief Against Hager
(incorporating all previous allegations)

99. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 14 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 99 of the Complaint is required.

100. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 14 of the

4921-4446-6027, v. 2

Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 100 of the Complaint is required.

**Fifteenth Claim for Relief Against Hager**
(incorporating all previous allegations)

101.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 15 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 101 of the Complaint is required.

102.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 15 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 102 of the Complaint is required.

103.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 15 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 103 of the Complaint is required.

**Sixteenth Claim for Relief Against Hager**
(incorporating all previous allegations)

104.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 16 of the

4921-4446-6027, v. 2

Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 104 of the Complaint is required.

105. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 16 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 105 of the Complaint is required.

106. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 16 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 106 of the Complaint is required.

## Seventeenth Claim for Relief Against Hager
(incorporating all previous allegations)

107. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 17 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 107 of the Complaint is required.

108. Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 17 of the Complaint is dismissed in its entirety. No response to the allegations contained in paragraph 108 of the Complaint is required.

4921-4446-6027, v. 2

109.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 17 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 109 of the Complaint is required.

### Eighteenth Claim for Relief Against Hager
(incorporating all previous allegations)

110.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 18 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 110 of the Complaint is required.

111.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 18 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 111 of the Complaint is required.

112.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 18 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 112 of the Complaint is required.

### Nineteenth Claim for Relief Against Hager
(incorporating all previous allegations)

4921-4446-6027, v. 2

113.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 19 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 113 of the Complaint is required.

114.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 19 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 114 of the Complaint is required.

115.    Pursuant to the Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (ECF 61) and the Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (ECF 62), Count 19 of the Complaint is dismissed in its entirety.  No response to the allegations contained in paragraph 115 of the Complaint is required.

Dated: Mineola, New York
         September 29, 2025

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Defendants*

By:    *s/Kimberly Ahrens*
       Scott A. Steinberg, Esq.
       Kimberly A. Ahrens, Esq.
       190 Willis Avenue
       Mineola, New York 11501
       (516) 747-0300
       SSteinberg@meltzerlippe.com
       KAhrens@meltzerlippe.com

4921-4446-6027, v. 2