**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WB BRIDGE HOTEL LLC and | ) | Chapter 11 |
| 159 BROADWAY MEMBER LLC | ) | Case No. 20-23288 (KYP) |
| | ) | Case No. 20-23289 (KYP) |
| Debtors | ) | (Jointly Administered) |

---

| | | |
|---|---|---|
| NAT WASSERSTEIN, as TRUSTEE of the | ) | |
| WB BRIDGE CREDITOR TRUST, | ) | |
| | ) | |
| Plaintiff(s), | ) | Adv. Proc. No.22-07059 (KYP) |
| | ) | |
| - against - | ) | |
| | ) | |
| 206 KENT INVESTOR II LLC, | ) | |
| 206 KENT INVESTOR III LLC, 206 KENT | ) | |
| INVESTOR LLC, 206 KENT MEZZ LLC, | ) | |
| CORNELL 46 LLC, CORNELL 159 LLC, | ) | |
| CORNELL 245-247 LLC, CORNELL 251-247 | ) | |
| LLC, CORNELL 251-253 LLC, CORNELL | ) | |
| 251253 LLC, CORNELL 257 LLC, CORNELL | ) | |
| 259 LLC, CORNELL 46 LLC, CORNELL | ) | |
| BEDFORD HOLDINGS LLC, CORNELL | ) | |
| BEDFORD MEMBER DE LLC, CORNELL | ) | |
| CROWN LLC, CORNELL KEAP HOLDINGS | ) | |
| LLC, CORNELL KENT HOLDINGS LLC, | ) | |
| CORNELL MEEKER HOLDINGS LLC, | ) | |
| CORNELL MESEROLE DE LLC, | ) | |
| CORNELL MESEROLE HOLDINGS LLC, | ) | |
| CORNELL MYRTLE II LLC, CORNELL | ) | |
| MYRTLE LLC, CORNELL REALTY | ) | |
| MANAGEMENT LLC, CORNELL SCHOLES | ) | |
| HOLDINGS LLC, CORNELL WEST 34 II | ) | |
| LLC, CORNELL WEST 34 OWNER LLC, and | ) | |
| ISAAC HAGER a/k/a ISSAC HAGER a/k/a | ) | |
| YITZCHER HAGER a/k/a YITZCHOK HAGER | ) | |
| a/k/a YITZCHOK R. HAGER, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

1

---------------------------------------------------------------

## SCHEDULING ORDER

**The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. All parties shall exchange initial disclosures pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(a)(1) no later than 14 days after the date of this Order unless the proceeding is exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B).

2. All discovery shall be completed by February 27, 2026. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a discovery conference pursuant to Local Bankruptcy Rule 7007-1.

3. Either or both parties may seek leave under Local Bankruptcy Rule 7056-1 to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 4-7 below. If such request is granted, the parties shall schedule the adjourned pretrial conference to take place approximately one month after the scheduled hearing on summary judgment.

4. The Court will hold a final pretrial conference on March 26, 2026, at 10:00 A.M. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment), at which time the parties must be prepared to proceed to trial within two weeks.

5. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

6. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

7. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, and (b) submit to chambers two copies of the joint exhibit book referred to in paragraph 5 hereof.

**IT IS SO ORDERED:**



**Dated: October 24, 2025**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**